Tania L. Whiteleather SBN 141227
Law Offices of Tania L. Whiteleather
5445 E. Del Amo Blvd., Suite 207
Lakewood, CA 90712
tel (562) 866-8755  fax (562) 866-6875
tlwhiteleather@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA LOOF, RENE LOOF, and RACHEL LOOF, | CASE NO. |
| Plaintiffs, | COMPLAINT FOR DAMAGES FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT AND FOR DAMAGES FOR BREACH OF CONTRACT AND ENFORCEMENT OF CONTRACT UNDER THE COURT'S SUPPLEMENTAL JURISDICTION |
| v. | |
| UPLAND UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |
| | 42 U.S.C. § 12101, et seq., C.C.P. § 337 |

Plaintiffs RITA LOOF, RENE LOOF, and RACHEL LOOF allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs seek damages for retaliation by the Upland Unified School District against Rachel Loof and her parents, Rita Loof and Rene Loof by Upland Unified School District under 42 U.S.C. § 12101 of the Americans with Disabilities Act.  This Court has jurisdiction of those actions under 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the state action for damages for breach of contract and enforcement of the

parties' settlement agreement under 28 U.S.C. § 1367.

2. Plaintiffs seek damages for Defendant's breach of a written settlement agreement and enforcement of that agreement which resolved a District Court complaint to address an underlying due process complaint filed by Plaintiffs under the Individuals with Disabilities Education Act or "IDEA." Plaintiffs ask that the Court exercise its supplemental jurisdiction to hear and determine Plaintiffs' State issue.

## INTRODUCTION

3. This action is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 and 12203(a),(b) which prohibits retaliation and coercion against any person who has opposed an act or practice that is illegal under the Act. Through this complaint, Plaintiff seeks remedies for the damages she incurred as a direct result of the actions, refusals, and failure of Defendant to timely comply with the settlement agreement of August 21, 2014 and the First Amendment to that agreement dated February 9, 2015 and later modified in 2016 by informal writing.

4. Plaintiffs seek remedies pursuant to 42 U.S.C. §§ 12133 and 12188 and seek enforcement of the agreement reached by the parties and amended in 2015.

5. There are no remedies Plaintiffs seek that are available under the Individuals with Disabilities Education Act or IDEA, 20 U.S.C. § 1400 et seq. as Rachel Loof has exhausted her IDEA remedies through a hearing

with California Office of Administrative Hearings ("OAH") Case No. 2014070191 and a settlement of all issues in the District Court case, EDCV 13-00195 DSF SP.

6. A copy of the Final Settlement and Release Agreement is attached hereto as Exhibit 1; the First Amendment to Final Settlement and Release Agreement is attached hereto as Exhibit 2.

### JURISDICTION AND VENUE

7. This court has original jurisdiction of this action under 28 U.S.C. 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

8. Venue is proper in the Central District of California under 28 U.S.C. 1391(b) because Plaintiffs and Defendant are located in Santa Bernardino County which is located within the geographic boundaries of the United States District Court for the Central District of California. The contract Plaintiffs allege was breached is one reached in settlement of a federal District Court matter, EDCV 13-00195 DSF-SP.

9. No exhaustion of any federal causes of action raised in this matter is required as Plaintiff Rachel Loof graduated from high school in June 2014 and presented her due process issues to the California Office of Administrative Hearings ("OAH") through Case No. 2014070191. Plaintiffs brought that case in part because the District had failed to administer triennial assessments of Rachel as required by the Individuals with Disabilities Education Act ("IDEA") and failed to address

Rachel's unique educational needs for years.  Following a due process hearing, Plaintiffs filed a complaint with the District Court, and a settlement was reached between the parties.  Defendant District did not comply with the terms of that settlement, causing harm to Rachel Loof as detailed herein.

## THE PARTIES

10. Plaintiff Rachel Loof is a resident of, and prior student in the Upland Unified School District (the "District").  She has been identified by the District as a student with a disability and received special education and related services from the District during her attendance there.

11. Plaintiff Rita Loof is the mother of Rachel Loof.

12. Plaintiff Rene Loof is the father of Rachel Loof.

13. Defendant Upland Unified School District is, and at all times herein mentioned was a school district duly organized and existing under the laws of the State of California as a local educational agency (LEA).

## FACTUAL ALLEGATIONS

14. In 2014, Plaintiffs filed a due process complaint alleging a denial of free and appropriate public educaion for Rachel Loof ("Rachel") by the District.  Rachel did not prevail in that case, OAH case 2014070191.  She filed a complaint with the District Court for reversal of that underlying due process decision.

15. The parties met and resolved the District Court matter, signing a Final Settlement and Release Agreement

4

on August 21, 2014.  That agreement called for, among other things, an evaluation of Rachel by Dr. Nancy Markel, a neuro-psychologist to fully assess and identify all of Rachel's educational needs so that they could be appropriately addressed.  According to the District, the District's governing board approved a contract with Dr. Markel on September 23, 2014.  Rachel's parent contacted Dr. Markel following the agreement on or about October 2014 to schedule an appointment for the evaluation.  Mrs. Loof was told that no contact had been provided to Dr. Markel by the District.

16. On September 15, 2014, Mrs. Loof sent an email to Rochelle Yatomi asking about the agreement in general. Mrs. Loof was told by Dr. Markel's office on September 26, 2014 that Laura Westsbrook at the District had confirmed the approval of a contract with Dr. Markel for the agreed-upon evaluatin.

17. During the remainder of 2014 and into 2015, Mrs. Loof continued to contact the District, inquiring about the status of the contract for Dr. Markel's evaluation of Rachel.

18. After many communications with the District, Mrs. Loof met with the superintendent, Nancy Kelly, on February 8, 2016.  Dr. Kelly admitted that the District had "dropped the ball" but agreed to remedy the problem. When nothing more was done to address the lack of a contract with Dr. Markel, Mrs. Loof sought a "Mediation Only" with the California Office of Administrative

Hearings.  The parties met in mediation but reached no resolution.  Only a few weeks later – in March 2016 – the District contacted Dr. Markel about the agreed-upon assessment.

19. On March 11, 2016, the District finally followed upon with Dr. Markel's office about the agreed-upon evaluation.  At that time, Dr. Markel informed the District that she would be unavailable to evaluate Rachel during the 2016-17 school year.  The District failed to even contact Dr. Markel about the agreed-upon District-paid evaluation until spring 2016.  By that time, as a result of a series of District actions, delays, scheduling errors, and failure to pay Dr Markel for another agreed-upon independent evaluation, Dr. Markel declined to enter into a contract with the District for Rachel's evaluation.

20. On September 8, 2016, Ms. Yatomi wrote a letter to the parents stating that the District Board had approved the contract with Dr. Markel for the assessment agreed to in 2014, almost two years earlier.

21. Rachel Loof's unique educational needs had never been fully assessed and identified by the District, which had failed to conduct a required a timely triennial assessment and had overlooked areas of suspected disability in its prior evaluations.  The result of District's failure to assess appropriately under IDEA resulted in continuing educational difficulties and failures for Rachel, who struggled to access an

education.

22. To address that denial of free and appropriate public education, "FAPE," Rachel required a full and appropriate evaluation of her unique educational needs from a qualified evaluator – such as Dr. Markel – so that she could 1) understand her unique needs, 2) seek out and obtain appropriate services for those unique needs, and 3) obtain a formal diagnosis from a qualified expert that she could share with her university and future employers.

23. In 2016, after Dr. Markel declined to sign a contract with the District for the long-delayed evaluation of Rachel, the District asked Plaintiffs to select another evaluator, again amending the agreement. Left with no ability to obtain the assessment with their chosen evaluator, Dr. Markel, Rachel and her parents agreed to an evaluation from Dr. Timothy Gunn.  That evaluation was completed on August 1, 2016.  In that evaluation Dr. Gunn identified – for the first time – Rachel's visual perceptual deficits, social stress, and Specific Learning Disability with an impairment in reading, disabilities the District had failed to ever identify or address.  Dr. Gunn's report indicated that Rachel's reported symptoms of depression could be attributable to "feelings of academic inadequacy and feelings of an external locus of control."

24. The lack of timely evaluation under the 2014/2015 settlement agreement – and the second amendment by the parties of the agreement in 2016 – denied Rachel Loof the

7

evidence and identification of her unique needs that she required to obtain appropriate services to address her diagnosed disabilities.  Further, the almost two-year delay in providing the evaluation denied Rachel the reports she required to provide documentation of her disabilities to university staff and professors so that she could obtain necessary accommodations and access an education.

25. As a direct result of the District's unreasonable and unjustified delay in complying with the clear, written terms of its 2014 settlement agreement and 2015 amendment, and providing Rachel with the agreed-upon evaluation, she could not obtain the accommodations she required at her university, Cal Poly.  That institution provided written documentation of its rejection of accommodations to Rachel, stating that it would provide such accommodations only if they had been identified by a qualified evaluator in a report.  Rachel's educational disabilities and lack of accommodations resulted in anxiety for Rachel, as documented by a clinical psychologist.  She has tried valiantly to meet the educational standards but, without her necessary accommodations, has been placed on academic probation several times.

26. Following Dr. Gunn's report, Rachel and her parents attempted to address Rachel's damages caused by the District's delay of the evaluation.  They sought a "Mediation Only" with the District but no resolution was

8

reached.  Following that attempt at resolution, the parties met several times to discussion resolution.

27.  The parties then attempted to resolve the issues created through informal mediation.  A full settlement of the issues was agreed to in 2017 but, before the agreement could be signed, Dr. Royal Lord, an administrator with the West End Special Education Local Plan Agency ("WESELPA") told the District that no agreement would be signed unless WESELPA was included in that agreement.

## FIRST CAUSE OF ACTION

For Discrimination Under Section 504 – Failure to Provide Access to Programs and Activities

28.  Plaintiffs incorporate by reference each and every allegation of Paragraphs 1 through 27 of the Complaint as though fully set forth herein.

29.  Section 504 prohibits the denial to a person with a disability of participation in or the benefits of a program or activity that receives Federal financial assistance. 29 U.S.C. § 794(a) Under Section 504, a program or activity includes local educational agencies.

30. At all times relevant to this complaint, Rachel Loof was an individual qualified under Section 504 by reason of her disability.

31. At all times relevant to this complaint, the District received Federal financial assistance for its programs and activities.  At all times relevant to this complaint, the District oversaw and provided secondary

education through programs and activities that received Federal funding. The District was obligated by law to provide Rachel with reasonable accommodations that she required to enjoy and have meaningful access to a public education.

32. In the underlying administrative due process case, Rachel Loof raised issues regarding the denial of her rights under Section 504, the Americans with Disabilities Act, Government Code § 11135, and California Civil Code §§ 54 and 54.1, known as the Unruh Act. That issue was dismissed by OAH and has been exhausted by Plaintiffs.

33. The District was aware that Rachel had disabilities and had, in past years, provided her with accommodations to allow her meaningful access to a public education. The District and its staff knew that Rachel required an evaluation under its settlement agreement with Plaintiffs and knew that it had failed to timely and appropriately comply with its duties under IDEA and Section 504.

34. The District failed to comply with its obligations under IDEA and subsequently entered into two settlement agreements with Plaintiffs. When the initial agreement and then amendment to the agreement were signed by the parties, the District failed to honor the agreement or to comply with the terms of the agreement to provide the neuro-psychological evaluation.

35. The District knew that Rachel had been denied

10

necessary educational services during the periods alleged in the underlying due process complaint including timely evaluations, identification of her unique educational needs, and services to address those needs.  The District knew that Rachel required an evaluation to identify her unique needs and agreed to provide such in its settlement agreement.  However, the District failed to timely comply with that agreement, delaying the evaluation and even notice to the chosen evaluator of its approval of her evaluation for almost two years.

36.  The District is a recipient of Federal financial assistance from the federal government and by virtue thereof is subject to the provisions of Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000(d) et. seq § 601.

37.  As a direct and proximate cause of Defendant's acts, documented in Plaintiffs' complaint, Defendant violated 42 U.S.C. § 12101 and 12203(a), (b) of the Americans with Disabilities Act by failing to comply with its written settlement agreement with Plaintiffs, to timely approve a contract for Dr. Markel, to timely notify her of said contract, and to timely provide the evaluation to Rachel to compensate for District's denials of FAPE over the years.

38.  As a direct and proximate result of the acts and omissions of Defendant, Plaintiff Rachel Loof has suffered, and continues to suffer loss of earnings and benefits, and financial losses as a result of her

inability to access post-high-school education and
instruction and her inability to timely obtain necessary
accommodations from her university.  Rachel has received
the following grades:

    Fall of 2014, "F" in Freshman Experience

    Spring 2015, "D" in Trigonometry

    Winter 2016, "D" in Trigonometry and

                 "F" in Critical Thinking

    Spring 2016, "F" in Statistics and

                 "F" in English Composition

    Winter 2017, "D" in General Chemistry

    Winter 2018, "D" in Marketing and

                 "D" in Economics

    Fall 2018,   "F" in Introduction to Calculus and

                 "F" in Introduction to Java

    39.  As a result of poor grades, Rachel was placed on
academic probation on 7/14/16 and on 1/23/17 and received
notification from the University that she "may be
academically disqualified in a future term".  Due to her
probationary status, Rachel did not receive financial aid
awards. She has had to re-take the courses that she did
not pass, thereby incurring additional cost and harm.
Rachel has developed anxiety as a result of her inability
to access an education without necessary accommodations
has been unable to complete educational requirements, to
timely and reasonably earn credits towards a college
degree, and, as a direct result, has been delayed in her
ability to enter the workforce and be a productive

citizen.  Rachel has obtained therapy for her anxiety which continues to impact and impede her education.

40. Rachel is entitled to and demands damages against Defendant in an amount of damages to be determined at trial according to proof.

41. As a direct and proximate result of the acts and omissions alleged in this Amended Complaint, Plaintiff has incurred legal fees and pain and suffering as well as lost wages, all in an amount subject to proof at trial.

## SECOND CAUSE OF ACTION

For Damages for Breach of the Settlement Agreement
Of the Parties' District Court Case.

42. Plaintiff realleges and incorporates by reference as though fully set forth herein paragraphs 1 through 41 of this Complaint.

43. The parties entered into a Final Settlement And Release Agreement on August 21, 2014.  Following further negotiations, the parties amended their agreement on February 9, 2015 with a First Amendment to Final Settlement and Release Agreement.  The parties then agreed, when the District failed to comply with the terms of its Final Settlement and First Amendment, to amend the agreement again to allow Dr. Gunn to conduct a psycho-educational assessment of Rachel.  Despite having signed an agreement resolving all claims pending in the District Court, the District failed to act in good faith to timely provide the independent educational evaluation with Dr. Nancy Markel it wrote into the settlement agreement.

13

44.  The District never provided Dr. Markel with a copy of a District contract for Rachel and did not follow up to implement its settlement agreement until March 2016.  Not only did the District fail to act reasonably or professionally in arranging for Dr. Markels' evaluation, it also failed to implement its own Board's approval of contract with Dr. Markel under the terms of the settlement agreements.  As a direct result of the District's dilatory actions, Rachel's evaluation, and the identification of her unique educational needs, were delayed.

45.  Rachel Loof was entitled to the benefit of her bargain and agreement and amendment with the District. The delay of the evaluation until late 2016, two years after the initial agreement was fully executed, was unreasonable and breached the agreement.

46.  The delay of the agreed-upon evaluation resulted in significant harms to Rachel.  She could not obtain the accommodations she required in her university due to the lack of assessment data documenting her educational needs.  Without necessary accommodations, finally identified through Dr. Gunn's report, she failed classes and was placed on academic probation.  Her progress through college has been significantly delayed as she struggled without basic accommodations she should have been given.  She and her parents incurred additional expenses to attempt to address her educational issues so that she could access a college education.  Finally,

Rachel has developed and been diagnosed with anxiety, and "feelings of academic inadequacy and feelings of an external locus of control," according to Dr. Gunn's report, which impacts her life and education even further, making complete college and to begin gainful employment. Rachel is now twenty-three years old but has completed only two years of college, even with the classes she was required to repeat.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows: For an Order that Defendant

1.  Pay Plaintiffs' costs for education, tutoring, and ADHD coaching services that Rachel would not have been required had she been provided with necessary accommodations;

2.  Pay Plaintiffs' reasonable attorneys' fees and costs for her time incurred trying to resolve this matter without litigation and in prosecuting this matter;

3.  For such further and additional relief as the Court may deem just and proper.

Dated: February 5, 2019

By: s/ Tania L. Whiteleather
TANIA L. WHITELEATHER
Attorney for Plaintiff

15