**[Exempt From Filing Fee
Government Code § 6103]**

1  FAGEN FRIEDMAN & FULFROST, LLP
   Christopher J. Fernandes, SBN 204844
2  cfernandes@f3law.com
   Milton E. Foster III, SBN 250357
3  mfoster@f3law.com
   Katy McCully Merrill, SBN 252103
4  kmccullymerrill@f3law.com
   4160 Temescal Canyon Road, Suite 610
5  Corona, California 92883
   Phone: 951-215-4900
6  Fax: 951-215-4911

7  Attorneys for UPLAND UNIFIED
   SCHOOL DISTRICT

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11

12  RITA LOOF, RENE LOOF and
    RACHEL LOOF,

13                Plaintiffs,

14        vs.

15  UPLAND UNIFIED SCHOOL
    DISTRICT,

16                Defendant.

17

18

19

20

CASE NO. 5:19-CV-00245-JGB-SHKx

**DEFENDANT UPLAND UNIFIED
SCHOOL DISTRICT'S ANSWER
TO COMPLAINT FOR DAMAGES
FOR RETALIATION UNDER THE
AMERICANS WITH
DISABILITIES ACT AND FOR
DAMAGES FOR BREACH OF
CONTRACT AND
ENFORCEMENT OF CONTRACT
UNDER THE COURT'S
SUPPLEMENTAL JURISDICTION**

Action Filed:      February 7, 2019
Trial Date:        None Set

21        Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant

22  Upland Unified School District ("Defendant" or "Upland") answers the Complaint

23  For Damages for Retaliation under the Americans with Disabilities Act and for

24  Damages for Breach of Contract and Enforcement of Contract under the Court's

25  Supplemental Jurisdiction ("Complaint") of Plaintiffs Rita Loof, Rene Loof and

26  Rachel Loof (collectively "Plaintiffs").  If an averment is not specifically admitted,

27  it is hereby denied.  Upland objects to the inclusion of inadmissible settlement

28  discussions in the Complaint.  Reference to such discussions herein is not a waiver

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

of such inadmissible communications.

## ANSWER TO COMPLAINT

## JURISDICTION AND VENUE

1.     Answering Paragraph 1, Upland avers that Plaintiffs' Complaint is vague and ambiguous.  As a result, it is not clear whether Plaintiffs' claims arise under federal disability law or whether Plaintiffs' are simply seeking a federal jurisdiction for a state law breach of contract claim.  Accordingly, Upland lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained therein and on that basis deny such allegations.

2.     Answering Paragraph 2, Upland admits that the parties entered into a written settlement agreement that resolved a prior federal court action brought under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"). Upland avers that any written settlement agreement entered into between the parties included a release by Plaintiffs of all past, present, future, known and unknown claims, damages, liabilities, rights, and/or complaints, of whatever kind or nature, arising from or relating to Plaintiff Rachel Loof's education against Upland.  Upland further avers that the release applies to any action or proceeding based on any state or federal statute, regulation, case decision, tort, or common law, including, but not limited to claims under the IDEA, Section 504, and the Americans with Disabilities Act.  Upland denies each and every remaining allegation contained in Paragraph 2.

## INTRODUCTION

3.     Answering Paragraph 3, Upland notes the statutes cited by Plaintiffs speak for themselves.  Upland avers that this paragraph is vague, ambiguous, and confusing, as Plaintiffs' refer to one "Plaintiff," but do not identify which of the three (3) named Plaintiffs incurred specific damages related to the alleged actions of the Defendant.  On these bases, Defendant denies all statements referencing a single, unidentified "Plaintiff" in this paragraph and throughout this Complaint.  Except as

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1  specifically noted and averred, Upland denies each and every allegation contained in
2  Paragraph 3.

3      4.    Answering Paragraph 4, Upland notes this paragraph contains legal
4  conclusions and argument as to which no response is required.  To the extent any
5  response is required, Upland denies each and every allegation contained in
6  Paragraph 4.

7      5.    Answering Paragraph 5, Upland notes that this paragraph contains legal
8  conclusions and argument to which no response from Upland is required.  To the
9  extent any response is required, Upland lacks sufficient knowledge or information to
10  form a belief concerning the truth of the allegations contained therein and on that
11  basis denies each and every allegation contained in Paragraph 5.

12      6.    Answering Paragraph 6, Defendant admits that the parties entered into
13  the Final Settlement and Release Agreement attached as Exhibit 1 and the First
14  Amendment to Final Settlement and Release Agreement attached as Exhibit 2.
15  These documents speak for themselves.  Upland avers the agreements attached by
16  Plaintiffs as Exhibits 1 and 2 included a release by Plaintiffs of all past, present,
17  future, known and unknown claims, damages, liabilities, rights, and/or complaints,
18  of whatever kind or nature, arising from or relating to Plaintiff Rachel Loof's
19  education against Upland.  Upland further avers that the release applies to any action
20  or proceeding based on any state or federal statute, regulation, case decision, tort, or
21  common law, including, but not limited to claims under the IDEA, Section 504, and
22  the Americans with Disabilities Act.

23  **JURISDICTION AND VENUE**

24      7.    Answering Paragraph 7, Upland notes this paragraph contains legal
25  conclusions and argument to which no response is required.  In addition, as noted
26  above, Plaintiffs' Complaint is vague, ambiguous, and unclear regarding its basis for
27  federal jurisdiction and, as a result, Upland lacks sufficient knowledge or
28  information to form a belief concerning the truth of the allegations contained in

Paragraph 7 and on that basis denies such allegations.

8.    Answering Paragraph 8, Upland admits that if federal subject matter jurisdiction is present, then venue is proper in this Court.  However, because Plaintiffs' Complaint is vague, ambiguous, and unclear regarding its basis for federal jurisdiction, Upland lacks sufficient knowledge or information to form a belief concerning the truth of the allegations contained in Paragraph 8, and on that basis denies each and every allegation contained in Paragraph 8.

9.    Answering Paragraph 9, Plaintiffs failed to define the phrase "due process issues" and therefore, Upland lacks sufficient information and belief regarding the purported "due process issues" and therefore must deny all allegations relating to these "due process issues."  Upland admits that Plaintiff Rachel Loof filed a due process complaint with the California Office of Administrative Hearings ("OAH"), that she later filed a complaint in federal court related to the underlying OAH matter.  Upland further admits that the parties entered into a settlement agreement after the federal complaint was filed, which included a release by Plaintiffs of all past, present, future, known and unknown claims, damages, liabilities, rights, and/or complaints, of whatever kind or nature, arising from or relating to Plaintiff Rachel Loof's education against Upland.  Except as specifically admitted, Upland denies each and every allegation contained in Paragraph 9.

**THE PARTIES**

10.    Answering Paragraph 10, Upland admits that Plaintiff Rachel Loof is a former student in the Upland Unified School District.  Upland lacks sufficient knowledge or information to form a belief as to whether Rachel Loof currently resides within Upland's boundaries, and on that basis denies such allegation. Upland admits that there have been specific time periods in the past when Rachel Loof was identified by the District as eligible for special education and related services under the IDEA and such services, when applicable, were provided to

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1   Rachel Loof.  Except as specifically admitted, Upland denies each and every

2   allegation contained in Paragraph 10.

3          11.     Answering Paragraph 11, Upland admits that Rita Loof is the mother of

4   Rachel Loof.

5          12.     Answering Paragraph 12, Upland admits that Rene Loof is the father of

6   Rachel Loof.

7          13.     Answering Paragraph 13, Upland admits that at all times relevant to

8   this matter, Upland has been a school district organized and existing under the laws

9   of the state of California as a Local Educational Agency ("LEA").

10                        **FACTUAL ALLEGATIONS**

11         14.     Answering Paragraph 14, Upland admits the allegations contained

12  therein.  Upland further avers that the Administrative Law Judge overseeing the

13  OAH hearing properly found that the District prevailed on each issue heard and

14  decided in that matter.

15         15.     Answering Paragraph 15:

16                a.     Upland admits the parties met and resolved all existing and

17  future litigation through a Final Settlement and Release Agreement, which included

18  a release by Plaintiffs of all past, present, future, known and unknown claims,

19  damages, liabilities, rights, and/or complaints, of whatever kind or nature, arising

20  from or relating to Plaintiff Rachel Loof's education against Upland.  The agreement

21  speaks for itself.  Upland further admits its governing board approved the Final

22  Settlement and Release Agreement.  Upland lacks sufficient knowledge or

23  information regarding the remaining allegations and on that basis denies each and

24  every remaining allegation contained in Paragraph 15.

25         16.     Answering Paragraph 16, Upland admits that on or around September

26  15, 2014, Rita Loof sent an email to Rochelle Yatomi.  Upland lacks sufficient

27  knowledge or information regarding the remaining allegations and on that basis

28  denies each and every remaining allegation contained therein.

5

Case No. 5:19-CV-00245-JGB-SHKx

DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT

17.     Answering Paragraph 17, Upland admits that the parties communicated during 2014 and 2015.  Upland lacks sufficient knowledge or information regarding the remaining allegations and on that basis denies each and every remaining allegation contained in Paragraph 17.

18.     Answering Paragraph 18:

a.     Regarding the first sentence of Paragraph 18, Upland admits Rita Loof met with Upland Superintendent Nancy Kelly on February 8, 2016.

b.     Regarding the second sentence of Paragraph 18, Upland denies the allegation as stated.  Plaintiffs' identification of "the problem" is too vague and unspecified for Upland to be able to identify sufficient knowledge or information and on that basis Upland denies this allegation.  Upland admits that, in 2016, it responsively looked into Plaintiffs' concerns and sought to resolve them.  Except as specifically admitted, Upland denies the remaining allegations in the second sentence of Paragraph 18.

c.     Regarding the third sentence of Paragraph 18, Upland admits the parties participated in mediation and that no resolution was reached.

d.     Regarding all remaining allegations in Paragraph 18 not specifically admitted, Upland lacks sufficient knowledge or information regarding the remaining allegations and on that basis denies each and every remaining allegation contained therein.

19.     Answering Paragraph 19:

a.     Regarding the first and second sentences of Paragraph 19, Upland admits it contacted Dr. Markel's office to arrange a contract for Rachel Loof and that Dr. Markel informed Upland that she would not be available to conduct an evaluation until sometime during the 2016-2017 school year.  Except as specifically admitted, Upland denies the remaining allegations in the first and second sentences of Paragraph 19.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1    b.    Regarding the third sentence of Paragraph 19, Upland denies
2 each and every allegation contained therein.

3    c.    Regarding the fourth sentence of Paragraph 19, Plaintiffs'
4 allegations are too vague, confusing, and unspecified for Upland to be able to
5 identify sufficient knowledge or information and on that basis Upland denies these
6 allegations.

7    d.    Except as specifically admitted, Upland denies the remaining
8 allegations contained in Paragraph 19.

9    20.    Answering Paragraph 20, Upland admits Ms. Yatomi wrote a letter to
10 Rene and Rita Loof dated September 8, 2016, but denies Plaintiffs' characterization
11 of that letter in Paragraph 20.  Except as specifically admitted, Upland denies any
12 remaining allegations contained in Paragraph 20.

13    21.    Answering Paragraph 21, Upland denies each and every allegation
14 contained therein.

15    22.    Answering Paragraph 22, Upland notes this paragraph contains legal
16 conclusions and argument to which no response is required.  To the extent
17 Paragraph 22 contains an allegation requiring a response, Upland denies each and
18 every allegation contained in Paragraph 22.

19    23.    Answering Paragraph 23:

20    a.    Regarding the first sentence of Paragraph 23, Upland admits that
21 Plaintiffs were offered a new evaluator and that it agreed to amend the Final
22 Settlement and Release Agreement to allow for the new evaluator on the same terms
23 described in the Final Settlement and Release Agreement.  Upland denies each and
24 every remaining allegation contained in the first sentence of Paragraph 23.

25    b.    Regarding the second sentence of Paragraph 23, Upland admits
26 that Rachel Loof was evaluated by Dr. Timothy Gunn.  Upland denies each and
27 every remaining allegation contained in the second sentence of Paragraph 23.

28

Case No. 5:19-CV-00245-JGB-SHKx
DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1        c.    Regarding the remaining sentences of Paragraph 23, Upland

2   lacks sufficient knowledge or information regarding the remaining allegations and

3   on that basis denies each and every remaining allegation contained therein.

4       24.    Answering Paragraph 24, Upland denies each and every allegation

5   contained therein.

6       25.    Answering Paragraph 25:

7        a.    Regarding the first sentence of Paragraph 25, Upland lacks

8   sufficient knowledge or information regarding the policies of Cal Poly, and/or any

9   communications between Cal Poly and Plaintiffs, and on that basis denies each and

10  every allegation contained therein.  Further, Upland denies each and every

11  remaining allegation contained in the first sentence of Paragraph 25.

12       b.    Regarding the remaining sentences of Paragraph 25, Upland

13  lacks sufficient knowledge or information regarding the remaining allegations and

14  on that basis denies each and every remaining allegation contained therein.

15      26.    Answering Paragraph 26, Upland denies that Rachel Loof suffered any

16  damages as a result of any act or omission by Upland.  Upland admits the parties

17  participated in a mediation wherein no resolution was reached.  Plaintiffs' allegation

18  of meeting "several times" is too vague and unspecified for Upland to be able to

19  identify sufficient knowledge or information and on that basis Upland denies these

20  allegations.  Upland lacks sufficient knowledge or information regarding the

21  remaining allegations and on that basis denies each and every remaining allegation

22  contained therein.

23      27.    Answering Paragraph 27:

24       a.    Answering the first sentence of Paragraph 27, Upland admits the

25  parties participated in informal mediation.  Upland denies each and every remaining

26  allegation contained in the first sentence of Paragraph 27.

27       b.    Answering the second sentence of Paragraph 27, Upland denies

28  that "[a] full settlement of the issues was agreed to in 2017."  Plaintiffs' allegation

1 regarding Dr. Royal Lord is too vague and unspecified for Upland to be able to

2 identify sufficient knowledge or information and on that basis Upland denies this

3 allegation.  Upland denies each and every remaining allegation contained in the

4 second sentence of Paragraph 27.

5           c.     Except as specifically admitted, Upland denies all allegations

6 contained in Paragraph 27.

7 **FIRST CAUSE OF ACTION[1]**

8      28.     Answering Paragraph 28, Upland incorporates by reference its

9 averments and denials in Paragraphs 1 through 27 above as if fully set forth below.

10      29.     Answering Paragraph 29, Upland avers these statutes speak for

11 themselves and notes this paragraph contains legal conclusions and arguments to

12 which no response is required.

13      30.     Answering Paragraph 30, Upland notes this paragraph contains legal

14 conclusions and argument to which no response is required.  The statute referenced

15 speaks for itself and Upland defers to the Court's statutory interpretation of the

16 same.  In addition, Defendants lack sufficient knowledge or information to form a

17 belief concerning whether Rachel Loof was "an individual qualified under Section

18 504" "at all times relevant to this complaint" as this time period is vague, ambiguous

19 and unspecified and on that basis deny such allegations.  Upland denies each and

20 every remaining allegation contained therein.

21      31.     Answering Paragraph 31, Upland admits that during all times relevant

22 to this Complaint, Upland received federal financial assistance for programs and

23 activities and that a portion of such funds were provided to its secondary education

24 programs and activities.  Defendants lack sufficient knowledge or information to

25

26     [1] As one of several examples of Plaintiffs' Complaint being vague,

27 ambiguous, and confusing, their Complaint is titled "Complaint for Damages for
Retaliation . . . " but Plaintiffs do not allege a cause of action for retaliation, only for

28 discrimination under their First Cause of Action.

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1   form a belief concerning the truth of the remaining allegations and on that basis

2   deny all such allegations contained therein.  Defendants defer to federal disability

3   law as interpreted by California courts, the California Education Code, and other

4   applicable statutory and case law which properly and comprehensively describe

5   Upland's legal obligations.

6       32.     Answering Paragraph 32, Upland lacks sufficient knowledge or

7   information to form a belief concerning the truth of the factual allegations contained

8   therein related to Plaintiffs statement that "Rachel Loof raised issues regarding the

9   denial of her rights under Section 504, the Americans with Disabilities Act,

10   Government Code § 11135, and California Civil Code §§ 54, and 54.1, known as the

11   Unruh Act."  The statement is too vague and ambiguous for Defendants to deny or

12   admit as what "issues" were raised is not stated.  On that basis, Defendant denies all

13   allegations and refers the Court to the OAH pleadings.  Defendant lacks sufficient

14   knowledge or information to form a belief concerning the truth of the factual

15   allegations contained therein related to Plaintiffs' statement that, "[t]hat issue was

16   dismissed by OAH and has been exhausted by Plaintiffs."  The statement is too

17   vague and ambiguous for Defendants to deny or admit as what "issue" was

18   dismissed by the OAH and what "issue" was exhausted.  On that basis, Upland

19   denies these allegations.

20       33.     Answering Paragraph 33, Upland admits that "in past years" Rachel

21   Loof received special education services from the District.  Upland further admits

22   that it provided Rachel Loof "with accommodations that allowed her meaningful

23   access to a public education."  Upland lacks sufficient knowledge or information to

24   form a belief concerning the truth of the factual allegation that "the District and its

25   staff knew that Rachel required an evaluation under its settlement agreement with

26   Plaintiffs and knew that it had failed to timely and appropriately comply with its

27   duties under IDEA and Section 504."  The statement is too vague and ambiguous

28   regarding the time period referred to for Upland to deny or admit this statement and

1  on that basis, Upland denies these allegations.  Upland avers that Paragraph 33

2  contains legal conclusions and argument related to Upland's obligations to provide

3  accommodations for which no response is required.

4       34.    Answering Paragraph 34 of the Complaint, Upland denies that it failed

5  to comply with its obligations under IDEA.  Paragraph 34 contains legal conclusions

6  and argument related to Upland's obligations to provide accommodations, for which

7  no response is required.  Upland lacks sufficient information and knowledge to

8  respond to the remaining allegations in this paragraph because they are vague and

9  ambiguous in terms of the agreements referenced, and on that basis denies the

10  remainder of allegations in Paragraph 34.  All agreements referenced in the

11  Complaint speak for themselves.  Upland denies that it refused to honor any

12  enforceable agreement reached with Plaintiffs and denies that it refused to comply

13  with terms of any agreement with Plaintiffs referenced in the Complaint.  Upland

14  avers that any agreement made between the parties included a release by Plaintiffs

15  of all past, present, future, known and unknown claims, damages, liabilities, rights,

16  and/or complaints, of whatever kind or nature, arising from or relating to Plaintiff

17  Rachel Loof's education against Upland.

18       35.    Answering Paragraph 35, Upland denies each and every allegation

19  contained therein.

20       36.    Answering Paragraph 36, Upland admits that during all times relevant

21  to this Complaint, Upland received federal financial assistance for programs and

22  activities.  The statutes cited speak for themselves.  Upland lacks sufficient

23  knowledge or information to form a belief concerning the truth of the remaining

24  allegations and on that basis denies all such allegations contained therein.  Upland

25  defers to federal disability law as interpreted by California courts, the California

26  Education Code, and other applicable statutory and case law which properly and

27  comprehensively describe Upland's legal obligations.

28  / / /

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

37.     Answering Paragraph 37, Upland notes this paragraph contains legal conclusions and argument to which no response is required.  To the extent a response is required, Upland denies each and every allegation contained in Paragraph 37.

38.     Answering Paragraph 38,

a.     Regarding the first sentence of Paragraph 38, the Paragraph contains legal conclusions and argument to which no response is required.  To the extent a response is required, Upland denies each and every allegation contained therein.

b.     Regarding the second sentence of Paragraph 38, Upland lacks sufficient knowledge or information regarding these allegations and on that basis denies each and every allegation contained in the second sentence of Paragraph 38.

39.     Answering Paragraph 39, Upland lacks sufficient knowledge or information regarding its allegations and on that basis denies each and every allegation contained therein.

40.     Answering Paragraph 40, Upland denies each and every allegation contained therein.

41.     Answering Paragraph 41, Upland denies all allegations contained therein.  Upland notes that it has no record of any Amended Complaint filed by Plaintiffs, as referenced in Paragraph 41.

## SECOND CAUSE OF ACTION

42.     Answering Paragraph 42, Upland incorporates by reference its averments and denials in Paragraphs 1 through 41 above as if fully set forth below.

43.     Answering Paragraph 43, Upland admits that the parties entered into a Final Settlement and Release Agreement, a First Amendment to Final Settlement and Release Agreement, and that they later amended the Final Settlement and Release Agreement to allow Dr. Timothy Gunn to evaluate Rachel Loof.  Upland avers that any written settlement agreement entered into between the parties

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1  included a release by Plaintiffs of all past, present, future, known and unknown

2  claims, damages, liabilities, rights, and/or complaints, of whatever kind or nature,

3  arising from or relating to Plaintiff Rachel Loof's education against Upland.  Upland

4  further avers that the release applies to any action or proceeding based on any state

5  or federal statute, regulation, case decision, tort, or common law, including, but not

6  limited to claims under the IDEA, Section 504, and the Americans with Disabilities

7  Act.  Except as specifically admitted, Upland denies all allegations contained in

8  Paragraph 43.

9      44.   Answering Paragraph 44, Upland denies all allegations contained

10  therein.

11      45.   Answering Paragraph 45, Upland avers that all parties to the Final

12  Settlement and Release Agreement and the First Amendment to Final Settlement

13  and Release Agreement were entitled to the benefit of the bargain.  Except as

14  specifically averred, Upland denies all allegations contained in Paragraph 45.

15      46.   Answering Paragraph 46,

16      a.   Regarding the first sentence of Paragraph 46, Upland denies each

17  and every allegation contained therein.

18      b.   Regarding the remaining sentences of Paragraph 46, Upland

19  lacks sufficient knowledge or information regarding its allegations and on that basis

20  denies each and every allegation contained therein.

21              **RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

22      Answering the allegations contained in the entirety of Plaintiffs' prayer for

23  relief, Upland denies that Plaintiffs are entitled to the relief sought, or to any relief.

24              **<u>DEFENDANT'S AFFIRMATIVE DEFENSES</u>**

25      Defendant pleads the following separate affirmative defenses.  Defendant

26  reserves the right to assert additional affirmative defenses that discovery indicates

27  are proper.

28  / / /

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      As a separate and first affirmative defense to the Complaint, and to the purported claims set forth therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a claim under any theory stated on any of the claims asserted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Prima Facie Case)

2.      As a separate and second affirmative defense to the Complaint and to each purported cause of action set forth therein, Defendant alleges that the Complaint and each allegation contained therein are barred because the Plaintiffs failed to state facts sufficient to constitute a prima facie case.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

3.      As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that one or more of the purported causes of action asserted in the Complaint are barred as the federal court lacks subject matter jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

### (Compliance with the Law)

4.      As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the actions taken by Defendant were in full compliance with state and federal law.

## FIFTH AFFIRMATIVE DEFENSE

### (All Obligations Performed)

5.      As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Defendant has fully and/or substantially performed any and all legal obligations it may have had to

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1  Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

6.     As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiffs were not injured or damaged as a proximate result of any act or omission alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Not the Legal Cause)

7.     As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Plaintiffs' damages, if any, were not caused by the alleged acts or omissions of Defendant.  Therefore, Plaintiffs are not entitled to damages or any other relief whatsoever as alleged.

## EIGHTH AFFIRMATIVE DEFENSE

### (Business Necessity/Judgment)

8.     As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Plaintiffs are barred from seeking relief under the Complaint because any and all acts taken by Defendant affecting Plaintiffs were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity and/or business judgment exercised in good faith upon reasonable information provided to Defendant, and in compliance with all legal requirements.

## NINTH AFFIRMATIVE DEFENSE

### (Proximate Cause – Plaintiff)

9.     As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the injuries and damages alleged in the Complaint by Plaintiffs occurred, were proximately caused by and/or were contributed to by Plaintiffs' own acts or failures to act and that

Case No. 5:19-CV-00245-JGB-SHKx
DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1  Plaintiffs' recovery, if any, should be reduced by an amount proportionate to the

2  amount by which said acts caused or contributed to said alleged injury or damages.

3  ## TENTH AFFIRMATIVE DEFENSE

4  ### (Consent)

5  10.     As a separate and tenth affirmative defense to the Complaint and each

6  purported cause of action contained therein, Defendant alleges that Plaintiffs are

7  barred from prosecuting the purported causes of action set forth in the Complaint

8  because Plaintiffs, and/or the persons and/or entities acting on their behalf,

9  consented to and acquiesced in the subject conduct.

10  ## ELEVENTH AFFIRMATIVE DEFENSE

11  ### (Performance Excused)

12  11.     As a separate and eleventh affirmative defense to the Complaint and

13  each purported cause of action contained therein, Defendant alleges that, if the court

14  determines a contract exists between the parties, Defendant was excused from any

15  performance due from Defendant to Plaintiffs under any alleged contract.

16  ## TWELFTH AFFIRMATIVE DEFENSE

17  ### (Prior Material Breach)

18  12.     As a separate and twelfth affirmative defense to the Complaint and

19  each purported cause of action contained therein, Defendant alleges that the

20  purported claims for relief asserted in the Complaint are barred by reason of the

21  prior material breach of the agreement or agreements by Plaintiffs upon which

22  Plaintiffs base the Complaint.

23  ## THIRTEENTH AFFIRMATIVE DEFENSE

24  ### (Failure of Condition Precedent)

25  13.     As a separate and thirteenth affirmative defense to the Complaint and

26  each purported cause of action contained therein, Defendant alleges that, by virtue

27  of the acts of the Plaintiffs, Plaintiffs are barred from prosecuting the purported

28  claims for relief set forth in the Complaint because of a failure of the Plaintiffs to

1  perform all or any conditions, whether precedent, concurrent and/or subsequent,

2  covenants, and/or promises on their part to be performed as between the parties

3  herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

6  14.    As a separate and fourteenth affirmative defense to the Complaint and

7  each purported claim for relief contained therein, Defendant alleges that if Plaintiffs

8  suffered or sustained any loss, damage or injury as alleged in the Complaint, such

9  loss, damage or injury was legally caused or contributed to by the negligence or

10 wrongful conduct of other parties, persons or entities, and that their negligence or

11 wrongful conduct was an intervening and superseding cause of the loss, damage or

12 injury of which Plaintiffs complain.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

15 15.    As a separate and fifteenth affirmative defense to the Complaint and

16 each purported claim for relief contained therein, Defendant alleges that Plaintiffs'

17 damages, if any, were caused by the primary negligence and/or acquiescence in the

18 acts and omissions alleged in the Complaint by the Plaintiffs, and Plaintiffs' agents,

19 representatives, relatives or attorneys.  By reason thereof, Plaintiffs are not entitled

20 to damages or any other relief whatsoever as against Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

23 16.    As a separate and sixteenth affirmative defense to the Complaint and

24 each purported claim for relief contained therein, Defendant alleges that Plaintiffs'

25 damages, if any, were caused by the negligence and/or acts or omissions of parties

26 other than the Defendants, whether or not parties to this action.  By reason thereof,

27 Plaintiffs' damages, if any, as against Defendant, must be reduced by the proportion

28 of fault attributable to such other parties, and to the extent that this is necessary,

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1 | Defendant may be entitled to partial indemnity from others on a comparative fault

2 | basis.

3 | ## SEVENTEENTH AFFIRMATIVE DEFENSE

4 | ## (Justification/Excuse)

5 | 17.    As a separate and seventeenth affirmative defense to the Complaint and

6 | each claim for relief contained therein, Defendant alleges that Plaintiffs are barred

7 | from prosecuting the purported claims for relief set forth in the Complaint because

8 | the acts and/or omissions alleged were justified and/or legally excused.

9 | ## EIGHTEENTH AFFIRMATIVE DEFENSE

10 | ## (Lack of Deception)

11 | 18.    As a separate and eighteenth affirmative defense to the Complaint and

12 | each purported claim for relief contained therein, Defendant alleges that the actions

13 | taken by it were not deceptive or performed with conscious disregard to California

14 | or Federal law, or Plaintiffs' rights, if any.

15 | ## NINETEENTH AFFIRMATIVE DEFENSE

16 | ## (Failure to Mitigate)

17 | 19.    As a separate and nineteenth affirmative defense to the Complaint and

18 | each purported claim for relief contained therein, Defendant alleges that Plaintiffs'

19 | claims, if any, are barred for their failure, and/or the failure of the persons acting on

20 | their behalf, to mitigate any purported damages.

21 | ## TWENTIETH AFFIRMATIVE DEFENSE

22 | ## (Statute of Limitations)

23 | 20.    As a separate and twentieth affirmative defense to the Complaint and

24 | each purported claim for relief contained therein, Defendant alleges that the

25 | purported claims for relief asserted in the Complaint are barred by one or more

26 | statutes of limitations.

27 | / / /

28 | / / /

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Laches)

21.    As a separate and twenty-first affirmative defense to the Complaint and each purported claim for relief contained therein, Defendant alleges that Plaintiffs are barred in whole or in part from prosecuting the purported claim for relief set forth in the Complaint by the doctrine of laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands and Bad Faith)

22.    As a separate and twenty-second affirmative defense to the Complaint and each purported claim for relief contained therein, Defendant alleges that Plaintiffs are barred in whole or in part from prosecuting the purported claims for relief set forth in the Complaint by the doctrines of unclean hands and bad faith.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

23.    As a separate and twenty-third affirmative defense to the Complaint and each purported claim for relief contained therein, Defendant alleges that as a result of Plaintiffs' own acts and/or omissions (or those of their agents), Plaintiffs have waived any right which they may have had to recover, and/or are estopped from recovering, any relief sought against Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

24.    As a separate and twenty-fourth affirmative defense to the Complaint and each purported claim for relief contained therein, Defendant alleges that Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative remedies.

/ / /

/ / /

/ / /

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Complaint Seeks Relief for Denial of FAPE)

25.    As a separate and twenty-fifth affirmative defense to the Complaint and each purported claim for relief contained therein, Defendant alleges that the purported claims for relief asserted in the Complaint are barred because Plaintiffs seek to enforce claims related to Rachel Loof's purported rights under the IDEA without exhausting administrative remedies first.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

26.    As a separate and twenty-sixth affirmative defense to the Complaint and each purported claim for relief contained therein, Defendant alleges that Plaintiffs have an adequate remedy at law and elected not to choose it.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith Acts of Government Officials)

27.    As a separate and twenty-seventh affirmative defense to the Complaint and each purported claim for relief contained therein, Defendant alleges that the acts and conduct of government officials performing discretionary functions, in good faith, for the benefit of Defendant and in compliance with the law, are not actionable.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Government Immunities)

28.    As a separate and twenty-eighth affirmative defense to the Complaint and each purported claim for relief contained therein, Defendant is entitled to immunity from suit, for monetary damages or other forms of equitable relief, under the 11th Amendment of the United States Constitution, as applicable to Plaintiffs' second cause of action.

/ / /

/ / /

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

### (No Practice of Retaliation)

3    29.    As a separate and twenty-ninth affirmative defense to the Complaint

4 and each purported claim for relief contained therein, the Complaint fails to

5 establish that Defendant engaged in, permitted, allowed, or otherwise endorsed a

6 custom or practice of retaliation against Plaintiffs.

7

## THIRTIETH AFFIRMATIVE DEFENSE

8

### (Legitimate Non-Discriminatory and Non-Retaliatory Reasons)

9    30.    As a separate and thirtieth affirmative defense to the Complaint and

10 each purported claim for relief contained therein, Defendant alleges, without

11 admitting that it engaged in any of the acts or conduct, or made any statements

12 attributed to it in the Complaint, that any acts, conduct or statements by Defendant

13 or anyone acting on its behalf were justified, in good faith, and for legitimate, non-

14 discriminatory and non-retaliatory reasons unrelated to Rachel Loof's alleged

15 protected class.

16

## THIRTY-FIRST AFFIRMATIVE DEFENSE

17

### (No Malicious Intent)

18    31.    As a separate and thirty-first affirmative defense to the Complaint and

19 each purported claim for relief contained therein, Defendant alleges that Defendant

20 did not act with malicious intent to deprive any person of any Constitutional right or

21 to cause any other injury and therefore is not liable.

22

## THIRTY-SECOND AFFIRMATIVE DEFENSE

23

### (Same Decision)

24    32.    As a separate and thirty-second affirmative defense to the Complaint

25 and each purported claim for relief contained therein, Defendant alleges, without

26 admitting that it engaged in or made any of the acts, conduct, or statements

27 attributed to it in the Complaint, if it is found that Defendant's actions were

28 motivated by both discriminatory and retaliatory and non-discriminatory and non-

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911

1  retaliatory reasons, the legitimate non-discriminatory and non-retaliatory reasons
2  alone would have induced Defendant to make the same decisions.

3  ### THIRTY-THIRD AFFIRMATIVE DEFENSE
4  ### (Punitive Damages / Penalties Not Permitted / Due Process Violation)

5  33.   As a separate and thirty-third affirmative defense to the Complaint and
6  each purported claim for relief contained therein, Defendant alleges that Plaintiffs
7  are not entitled to an award of punitive damages or penalties against Defendant as a
8  public agency.  Insofar as non-economic damages are prayed for, Defendant alleges
9  that any claim for punitive or exemplary damages or penalties violates the rights of
10  Defendant guaranteed by the due Process clause of the United States Constitution.

11  ### THIRTY-FOURTH AFFIRMATIVE DEFENSE
12  ### (Offers to Compromise)

13  34.   As a separate and thirty-fourth affirmative defense to the Complaint
14  and each purported claim for relief contained therein, Defendant alleges that
15  Plaintiffs' claims are barred to the extent they seek to use any conduct or statements
16  made in negotiation of any alleged settlement agreement to prove liability for the
17  loss or damage or any part of it.

18  ### THIRTY-FIFTH AFFIRMATIVE DEFENSE
19  ### (Other Defenses)

20  35.   As a separate and thirty-fifth affirmative defense to the Complaint and
21  each purported claim for relief contained therein, the Defendant presently has
22  insufficient knowledge or insufficient information upon which to form a belief as to
23  whether it may have additional, yet unasserted, affirmative defenses.  Defendant
24  therefore reserve the right to assert additional affirmative defenses in the event
25  discovery indicates it would be appropriate.

26  ### DEFENDANT'S PRAYER FOR RELIEF

27  WHEREFORE, Defendant prays for relief as follows:

28  1.   That the Complaint be dismissed, with prejudice and in its entirety;

2.      That Plaintiffs take nothing by reason of this Complaint, and be denied any relief against the District whether declaratory, injunctive, monetary, or otherwise, and that judgment be entered against Plaintiffs and in favor of Defendant;

3.      That Defendant be awarded its attorneys' fees and costs incurred in defending this action;

4.      That Defendant be granted such other and further relief as the Court may deem just and proper.

DATED:  March 21, 2019               FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Milton E. Foster, III
Katy McCully Merrill
Attorneys for UPLAND UNIFIED SCHOOL
DISTRICT

180-195/4444548.1

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900  •  Fax 951-215-4911

1

## PROOF OF SERVICE

2

### Rita Loof, et al. v. UPLAND UNIFIED SCHOOL DISTRICT
### US District Court Central Case No. 5:19-cv-00245-JGB-SHKx

3

4

## STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 4160 Temescal Canyon Road, Suite 610, Corona, CA 92883.

5

6

On March 21, 2019, I served true copies of the following document(s) described as **DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT'S ANSWER TO COMPLAINT FOR DAMAGES FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT AND FOR DAMAGES FOR BREACH OF CONTRACT AND ENFORCEMENT OF CONTRACT UNDER THE COURT'S SUPPLEMENTAL JURISDICTION** on the interested parties in this action as follows:

7

8

9

10

Tania L. Whiteleather, Esq.
Law Offices of Tania L. Whiteleather, Inc.
5445 E. Del Amo Blvd., Suite 207
Lakewood, California 90712
Tel: (562) 866-8755/Fax (562) 866-6875
E-mail: tlwhiteleather@gmail.com

Attorney for Plaintiffs –
RITA LOOF, RENE LOOF and
RACHEL LOOF,

11

12

13

14

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

15

16

17

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18

19

Executed on March 21, 2019, at Corona, California.

20

21

*Christine Keith*

22

Christine Keith

23

24

25

26

27

28

Fagen Friedman & Fulfrost, LLP
4160 Temescal Canyon Road, Suite 610
Corona, California 92883
Main 951-215-4900 • Fax 951-215-4911