| Case No. | EDCV 19-245-JGB (KKx) | Date: | November 15, 2019 |
|---|---|---|---|
| Title: | *Rita Loof, et al. v. Upland Unified School District* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting Defendant's Motion to Compel Production of Mental Health Records and for Discovery Sanctions [Dkt. 26]

On October 18, 2019, Defendant Upland Unified School District ("Defendant") filed a Motion to Compel Production of Mental Health Records ("Motion") seeking to compel Plaintiff Rachel Loof ("Rachel") to execute authorizations to release her mental health records from her therapist Stacy Donaldson (formerly Maggard) ("Donaldson") and Kaiser Permanente ("Kaiser"). ECF Docket No. ("Dkt.") 26. Defendant also seeks $9,744.00 in attorneys' fees incurred in seeking to obtain the mental health records and bringing the instant Motion. Dkts. 26, 28. For the reasons set forth below, Defendant's Motion is granted and Defendant's request for attorney's fees incurred in bringing the Motion is granted in part.

# I.
# BACKGROUND

On February 6, 2019, Plaintiffs Rachel Loof, Rita Loof, and Rene Loof ("Plaintiffs") filed a Complaint seeking damages for retaliation under the Americans with Disabilities Act ("ADA"), damages for breach of contract, and enforcement of the parties' settlement agreement. Dkt. 1. Rachel was identified as a student with a disability and received special education and related services from Defendant while a student there. Id., ¶ 10. Rachel graduated from high school in June 2014 and began studies at Cal Poly. Id., ¶¶ 9, 25. Plaintiffs allege a delay in providing an agreed-upon assessment to "fully assess and identify all of Rachel's educational needs" resulted in Rachel being unable to provide documentation of her disabilities to university staff and professors so that she could obtain necessary accommodations. Id., ¶¶ 15, 24. Plaintiffs allege "Rachel has developed anxiety as a result of her inability to access an education without necessary accommodations[,] has

been unable to complete educational requirements, to timely and reasonably earn credits towards a college degree, and, as a direct result, has been delayed in her ability to enter the workforce and be a productive citizen." Id., ¶ 39.

On March 21, 2019, Defendant filed an Answer. Dkt. 10.

On May 10, 2019, the Court issued a Scheduling Order setting a discovery cut-off (including hearing of discovery motions) of January 6, 2020 and trial for May 12, 2020. Dkt. 19.

On September 16, 2019, Defendant served a subpoena on Kaiser seeking:

> Any medical and hospital records pertaining to RACHEL LOOF (DOB: . . . , SSN . . . ), in paper, photographic, microfilm or any electronic form, for diagnosis, treatment, counseling for any medical or mental condition including psychiatric, psychological, or drug dependency, related to or regarding conditions of stress, anxiety, panic attacks, eczema, and "feelings of academic inadequacy and feelings of an external locus of control," from 2009 to the present.

Dkt. 26-1, Declaration of Shiva Stein ("Stein Decl."), Ex. 4.

On September 17 and 18, 2019, Defendant's counsel sent Plaintiffs' counsel several emails seeking to determine whether Rachel would agree to sign authorizations releasing her records from Kaiser and her therapist, Donaldson. Stein Decl., ¶¶ 6, 7, Exs. 6-8. Plaintiffs' counsel did not respond.

On September 23, 2019, Defendant served a subpoena on Donaldson seeking:

> Any and all records pertaining to RACHEL LOOF (DOB: . . . , SSN . . .), in paper, photographic, microfilm or any electronic form for diagnosis, treatment, counseling and or therapy records for any medical or mental condition including psychiatric, psychological, or drug dependency regarding and/or related to stress, anxiety, panic attacks and eczema, from 2009 to the present.

Stein Decl., Ex. 3.

On September 23, 2019, Defendant's counsel sent Plaintiffs' counsel a meet and confer letter by email attaching a proposed authorization for Donaldson and an authorization required by Kaiser. Stein Decl., ¶ 8, Ex. 9. Plaintiffs' counsel responded that evening, stating: "Of course. And the release I have had Rachel Loof sign is attached." Stein Decl., Ex. 9. However, the only release attached to the email from Plaintiffs' counsel stated: "I, the undersigned, hereby authorize Gunn Psychological Services, including Stacy Maggard and Dr. Timothy Gunn to communicate with the following Persons: Name: Tania Whiteleather." Id.

On September 24, 2019, Defendant's counsel sent Plaintiffs' counsel an email reflecting her confusion regarding the authorization attached to Plaintiffs' counsel's September 23, 2019 email and requesting Rachel execute the authorizations for Kaiser and Donaldson. Id., Ex. 10. Plaintiffs' counsel promptly responded objecting to the requested one-day turn around on the authorizations and stating she "hop[ed] to have it to" Defendant's counsel later that day. Id., Ex. 11. Defendant's

counsel responded stating she has been attempting to obtain authorizations since early September and thanked Plaintiffs' counsel for agreeing to provide the authorizations.  Id.  Plaintiffs' counsel responded and explained: "I had asked Rachel to create a release and then, when I was out of the office yesterday at mediation, asked that it be forwarded to you.  My apologies for the unanticipated limitation of that release; it was not what I had asked for but was not reviewed by me in my haste to get it to you."  Id.

On October 1, 2019, Defendant's counsel sent Plaintiffs' counsel an email requesting a status update on the authorizations.  Stein Decl., Ex. 12.  Plaintiffs' counsel promptly responded attaching releases for Kaiser and Donaldson.  Id., Ex. 13.  However, the authorizations were not on the forms provided, but were re-typed, contained various typos, permitted disclosure to Defendant's counsel three days after production to Plaintiffs' counsel, expired in two weeks (instead of one year), and limited the records to be released as follows:

> Any and all medical and hospital records pertaining to Rachel Loof (DOB: . . . , SSN . . .) in paper, photographic, microfilm, or any electronic for, for diagnosis, treatment, counseling for any medical or mental condition including psychiatric, psychological, or drug dependency, related to or regarding conditions of stress, anxiety, panic attacks, exczema, and "feelings of academic inadequacy and feelings of an external locus of control," **as related to academic performance** from **2014** to the present.

Id., Ex. 13 (emphasis added).  Defendant's counsel sent Plaintiffs' counsel an email objecting to the added limitations and requesting again that Rachel sign the authorizations previously provided by Kaiser and Donaldson.  Id.

On October 10, 2019, Plaintiffs' counsel emailed Defendant's counsel a second set of authorizations.  Stein Decl., Ex. 5.  However, the authorizations were not on the forms provided by Kaiser or Donaldson, expired after one month, and limited the records to be released as follows:

> Any and all medical and hospital records pertaining to Rachel Loof (DOB . . ., SSN . . .) in paper, photographic, microfilm, or any electronic form, for diagnosis, treatment, counseling for any medical or mental condition including psychiatric, psychological, or drug dependency, related to or regarding conditions of stress, anxiety, panic attacks, eczema, and "feelings of academic inadequacy and feelings of an external locus of control," **as related to academic performance** from 2009 to the present.

Id. (emphasis added)

On October 11, 2019, Defendant served its portion of a Joint Stipulation in support of the instant Motion pursuant to Local Rule 37-2.  Stein Decl., ¶ 17; Dkt. 28, Supplemental Declaration of Shiva Stein ("Stein Suppl. Decl."), ¶ 8, Ex. B.

On October 15, 2019, Defendant received a declaration via U.S. mail from Kaiser rejecting the subpoena on the following grounds: (a) "Please remove body parts & return entire subpoena with payment"; and (b) "Unable to produce records based on body parts, medical conditions, or symptoms.  A records release of this nature would require a review of the medical records in question by medical experts who would have to determine if care delivered and documented in the

record meets the specified criteria. Records requests can be produced limited to a date range, provider name(s), and department type(s). Please resubmit the request using the criteria above." Stein Suppl. Decl., Ex. D.

On October 16, 2019, Plaintiffs' counsel emailed Defendant's counsel another authorization for Donaldson's records only (not Kaiser) in which the limitation on records to be produced matched the subpoena. Stein Suppl. Decl., ¶ 5.[1]

On October 16, 2019, Donaldson's counsel sent Plaintiffs' and Defendant's counsel an email explaining, "[t]he issues of stress, anxiety and panic attacks are interwoven throughout the therapy and the therapy notes as they pertain to family dynamics, friendship issues and school issues, etc." and stating, "I believe that the current authorization could arguably be construed to allow the release of Ms. Donaldson's entire file as she was treating [Rachel] for stress, anxiety and panic attacks as they pertain to her daily life." Stein Suppl. Decl., Ex. A. Donaldson, however, stated it is her "understanding (based on the on going meet and confer discussions, limited scope authorizations provided and [Plaintiffs' counsel's] representation in [Plaintiffs' counsel's] email below), that [Rachel] is only allowing release of her records as they pertain to her reporting of stress and anxiety related to school issues and does not want her entire file produced." Id. Accordingly, Donaldson's counsel explained that Donaldson "is going to review her file once again and locate any documents that relate to stress, anxiety, panic attacks, eczema and feelings of academic inadequacy and loss of control as they pertain to school issues. She is not going to release any records regarding stress, anxiety and panic attacks as they pertain to family dynamics friendship issues or any other issues, which as I understand it may comprise the majority of her file." Id. Before releasing all of Rachel's file, Donaldson has now required an authorization that permits release of the following:

> Any and all medical records, psychiatrist/psychologist records, psychiatric social workers records, billing records, physical/occupational/rehab requests, consultations, progress notes, process notes, emails, text messages/electronic messages, disability and Medicaid/Medicare records including claim forms and record of denial benefits, pharmacy and prescription records, medical/psychiatric history, medical/psychiatric medications, medical/psychiatric treatment and/or medical/psychiatric progress and/or prognosis and/or diagnosis including, but not limited to, all diagnostic tests, raw test data and test results, and any other documents pertaining to the care and treatment of RACHEL LOOF including, but not limited to, documents which mention alcohol and/or drug usage.

Id.

On October 18, 2019, Defendant filed the instant Motion. Dkt. 26. On October 19, 2019, Plaintiffs filed a Motion to Supplement setting forth their opposition to the Motion. Dkt. 27. Plaintiffs repeatedly state they have no objection to the scope of the subpoena, only to the scope of the requested releases. See id. at 1 ("At all times, Plaintiffs intended to provided Defendant access to the records requested.").

---

[1] The court is unable to locate a copy of this authorization in any of the parties' papers.

On October 21, 2019, Defendant's counsel sent an email to Donaldson's counsel, and copied Plaintiffs' counsel, acknowledging receipt of redacted records, and requesting production of unredacted records in light of the unlimited authorization provided on October 16, 2019. Stein Suppl. Decl., Ex. A.

On October 22, 2019, Defendant served a new subpoena on Kaiser, which requested:

> Any mental health records pertaining to Rachel Loof (DOB: . . . , SSN: . . . ), in paper, photographic, microfilm or any electronic form, from 2009 to the present.

Dkt. 29-1, Supplemental Declaration of Tania Whiteleather ("Whiteleather Suppl. Decl."), Ex. 2. Defendant, however, attached a copy of the authorization from October 10, 2019 to the subpoena limiting the release of documents to those "related to academic performance." Id.; Stein Suppl. Decl., ¶ 7.

On October 31, 2019, Defendant's counsel filed a supplemental declaration in support of the Motion. Dkt. 28. On October 31, 2019, Plaintiffs filed a supplemental memorandum in response to Defendant's Motion. Dkt. 29. The matter thus stands submitted.

## II.
## DISCUSSION

### A. DEFENDANT'S MOTION TO COMPEL IS GRANTED

#### 1. Applicable Law

The Federal Rules of Civil Procedure ("Rules") require the rules "be construed, administered, and employed by . . . the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Federal Rule of Civil Procedure 26(b) provides parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Under Rule 34, documents sought in discovery motions must be within the "possession, custody or control" of the party upon whom the request is served. Fed. R. Civ. P. 34(a)(1). Actual

possession of the requested documents is not required. Soto v. City of Concord, 162 F.R.D. 603, 618 (N.D. Cal. 1995). "A party may be required to produce a document that is in the possession of a nonparty entity if the party has the legal right to obtain the document." Bryant v. Armstrong, 285 F.R.D. 596 (S.D. Cal. 2012). Accordingly, courts have found it appropriate to order parties to sign authorizations releasing relevant mental health records from their treatment providers. See, e.g., Larson v. Bailiff, No. 13-CV-2790-BAS (JLB), 2015 WL 4425660, at *6 (S.D. Cal. July 17, 2015) (granting motion to compel plaintiff to sign authorization releasing mental health records).

### 2. Analysis

Here, Plaintiffs have not objected to the scope of the subpoenas served on Donaldson or Kaiser.[2] See dkt. 27. In addition, the information sought, Rachel's mental health records, is clearly relevant to Plaintiffs' alleged injuries as set forth in the Complaint. Nevertheless, Plaintiffs have delayed and refused to provide authorizations for release of Rachel's mental health records that mirror the scope of the documents requested in the subpoenas. While it appears the release provided to Donaldson on October 16, 2019 mirrored the language of the subpoena, Plaintiffs' delay tactics have resulted in Donaldson's confusion regarding the scope of the subpoena. See Stein Suppl. Decl, Ex. A. Based on Donaldson's apparent confusion regarding whether Rachel has authorized release of her entire file in accordance with the subpoena despite the mirrored language of the subpoena and most recent authorization, see id., Plaintiffs now have an obligation to ensure that any confusion they created has been remedied in order to permit Donaldson to produce her records without redaction. Hence, Defendant's Motion to Compel is granted. Plaintiffs shall serve authorizations for Rachel's medical records as necessary to facilitate the release of records equal in scope to the records requested in the subpoenas **on or before November 20, 2019**.

## B. DEFENDANT'S REQUEST FOR FEES IS GRANTED IN PART

### 1. Applicable Law

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's objection was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

In addition, the Local Rules provide strict procedures with which counsel must comply in bringing or opposing a discovery motion, including requiring a pre-filing conference of counsel and joint stipulation. L.R. 37 et seq. Local Rule 37-4 specifically provides "[t]he failure of any counsel to

---

[2] The Court notes that the October 22, 2019 subpoena to Kaiser does not materially alter the scope of the documents originally requested; it merely omits the following qualifications: "for diagnosis, treatment, counseling for any medical or mental condition including psychiatric, psychological, or drug dependency, related to or regarding conditions of stress, anxiety, panic attacks, eczema, and 'feelings of academic inadequacy and feelings of an external locus of control.'" See Stein Decl., Ex. 4; Whiteleather Suppl. Decl., Ex. 2.

comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." Id.

When an award of attorney's fees and expenses is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

**2. Analysis**

**a. An Award of Expenses is Appropriate**

As an initial matter, Plaintiffs violated Local Rule 37-2 by failing to timely provide their portion of the joint stipulation. While the Court has considered Plaintiffs' arguments in opposition to the Motion, Plaintiffs' failure to comply with the local rules is not excused. See L.R. 37-4; see also Smith v. Frank, 923 F.2d 139, 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed . . . ."); Gifford v. Heckler, 741 F.2d 263, 266 (9th Cir. 1984).

Further, for the reasons discussed above, Defendant's Motion is granted in its entirety. The Court finds Plaintiffs' delay and failure to serve the authorizations for Rachel's mental health records is not substantially justified, particularly because Plaintiffs do not object to the scope of the subpoenas. In addition, the Court finds there are no circumstances making "an award of expenses unjust." See Fed. R. Civ. P. 37(a)(5)(A). It appears both Plaintiffs and their counsel are responsible for the unreasonable delay that has occurred here. See, e.g., Stein Decl., Ex. 11 (September 24, 2019 email where Plaintiffs' counsel explains: "I had asked Rachel to create a release and then, when I was out of the office yesterday at mediation, asked that it be forwarded to you. My apologies for the unanticipated limitation of that release; it was not what I had asked for but was not reviewed by me in my haste to get it to you."). Moreover, Plaintiffs could have avoided the entire issue by seeking Rachel's records on their own, or at least promptly providing authorizations when originally requested. Plaintiffs are, therefore, at fault for necessitating court intervention for a simple matter that should have been easily resolved by the parties. Accordingly, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), Defendant is entitled to recover its reasonable expenses, including attorney's fees, incurred in bringing the instant Motion. See id.

**b. Reasonableness of Fees Requested**

Defendant's counsel states she has spent a total of 33.6 hours in connection with obtaining authorizations for release of Rachel's mental health records as follows:

| 7.5 hours | "preparing and responding to the numerous meet and confer communications" |
| 1.8 hours | "reviewing and responding to the various medical providers concerns regarding providing Rachel's records without an authorization" |

| 11.8 hours | filing the instant Motion, "reviewing and complying with this Court's Local Rule 37 Requirements, preparing the attached Declaration and organizing/assessing the exhibits in support of this Motion" |
|---|---|
| 4.5 hours | since filing the Motion "communicating in writing and on the phone with Kaiser, Ms. Donaldson's attorney, and opposing counsel regarding receipt of Rachel's relevant mental health record" |

Stein Decl., ¶ 18; Stein Suppl. Decl., ¶ 9. In addition, Defendant's counsel stated in her original declaration in support of the Motion that she anticipated spending 8 hours "preparing the Reply to this Motion and appearing at the hearing on this matter, including travel time to and from San Diego to Los Angeles County", but does not state in her supplemental declaration how much time was actually spent preparing the Reply. Stein Decl., ¶ 18; see also Stein Suppl. Decl. Defendant's counsel's hourly rate is $290.00. Stein Decl., ¶ 18. Accordingly, Defendant seeks a total of $9,744.00 for 33.6 hours of attorney work. See Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993) ("[A]n award of attorney's fees may be based on the affidavits of counsel, so long as they are 'sufficiently detailed to enable the court to consider all the factors necessary in setting the fees.'").

The Court finds some portion of the time related to responding to Kaiser's concerns was related to the subpoena, rather than the lack of authorizations. In addition, the Court vacated the hearing on the Motion. See Hensley, 461 U.S. at 433-34. The Court, therefore, finds it appropriate to reduce Defendant's request by 2 hours for communicating with Kaiser, and 5 hours attributable to traveling to and attending the hearing.

The Court further finds the remainder of the hours spent by Defendant's counsel, 26.6 hours, and Defendant's counsel's hourly rate, $290.00, are reasonable. Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 277 (C.D. Cal. 2008) (awarding $5,585.00 as reasonable expenses incurred in making motion to compel, finding 8.5 hours and hourly rate of $490 reasonable); Tacori Enters. v. Beverlly Jewellery Co., 253 F.R.D. 577, 585 (C.D. Cal. 2008) (awarding $6,150.00 as reasonable expenses incurred in making similar motion to compel, finding 7.5 hours spent by two attorneys whose hourly rates were $555 and $265 reasonable).

Accordingly, Defendant's request for payment of its reasonable expenses is GRANTED IN PART. Plaintiffs and Plaintiffs' counsel, jointly and severally, shall pay to Defendant the sum of $7,714.00, which represents the reasonable expenses incurred by Defendant in bringing this Motion.

### III.
### ORDER

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion is GRANTED. Plaintiffs shall serve authorizations for Rachel's medical records as necessary to facilitate the release of records requested in the subpoenas **on or before November 20, 2019**.

(2) Defendant's request for payment of reasonable expenses incurred in making the Motion is GRANTED IN PART. **Within thirty (30) days of the date of this Order**, Plaintiffs

and Plaintiffs' counsel, Tania Whiteleather, jointly and severally, shall pay to Defendant the sum of $7,714.00 as reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).