Tania L. Whiteleather SBN 141227
Law Offices of Tania L. Whiteleather, Inc.
5445 E. Del Amo Blvd., Ste 207
Lakewood, CA 90712
tel (562) 866-8755  fax (562) 866-6875
email: tlwhiteleather@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA LOOF, RENE LOOF and RACHEL LOOF, | CASE NO. CV 19-0245 JGB (KKx) |
| Plaintiffs, | DECLARATION OF TANIA L. WHITELEATHER IN SUPPORT OF EX PARTE APPLICATION |
| v. | |
| UPLAND UNIFIED SCHOOL DISTRICT, | |
| Defendant. | |

I, Tania L. Whiteleather, have personal knowledge of the following and can, if called, testify to the same in a court of law.

I represent Plaintiffs in this matte rand in *S.L. et al v. Upland Unified School District*, CV 18-2122 JGB (Kkx).  In both matters, the parties have participated in a number of depositions, although Plaintiffs in this case have not completed their discovery.  Depositions had been scheduled, coordinating with opposing counsel, but when the parties agreed to return to settlement negotiations in December, they also agreed to vacate any depositions

1

to avoid unnecessary costs.

On December 20, 2019, as the parties were continuing informal settlement discussions, I received Defendant's Motion for Summary Judgment.  Prior to that time, I had asked Ms. Stein several times to stipulate to an extension of the discovery timelines; she had not agreed to that stipulation.

We have one deposition – that of Rita Loof – that has begun but not yet been completed.  Several others are needed: that of Judith Johnson, Laura Westbrook, Rochelle Yatomi, Dr. Timothy Gunn, and now, of Plaintiffs' expert, Dr. Perry Passaro.  Some were scheduled and vacated to allow further settlement discussions. Defendant's pending motion contains a declaration for Judith Johnson, but it is clear from Ms. Johnson's declaration that she has not seen crucial documents produced in discovery.  I have made several calls to Ms. Johnson's office (Dr. Nancy Markel's office) but have been unable to reach anyone there.  I suspect that the office is closed for the holidays.

There is a chance that Plaintiffs may need to obtain a deposition of West End SELPA's administrator or custodian of records as that agency has yet to respond to the SDT validly served on it in November 2019.

Plaintiffs' delay in obtaining an expert and in complying with the Court's scheduling order regarding designation of that expert was a result of 1) Plaintiffs' lack of funds to hire such an expert and 2) the inability

to locate an expert who would "work with" Plaintiffs and their financial issues.  An expert was identified shortly before December 9, 2019, but, as the parties were just beginning renewed settlement discussions, nothing more from the expert was pursued; I believed that additional costs of an expert at that point would unreasonably increase costs and make settlement more difficult, so we delayed incurring further costs.

In the S.L. matter, also before this Court, I am preparing an opposition to the Motion for Summary Judgment filed by Defendant.  That matter is to be heard on February 3, 2020.  I have also met and conferred with Mr. Burris (a co-counsel in this case) to discuss my intent to file a Motion for Summary Judgment on behalf of S.L. in that matter and to set that hearing for February 3, 2020.

I have been diligently preparing the S.L. Motion for Summary Judgment and the Opposition to Defendant's filed motion in that matter.  I am out of the office for some time over the holidays – to spend time with my family – and am leaving on a pre-paid, out-of-country vacation from January 3 to 13, 2020.  I have worked hard to be able to complete my motion and opposition for the S.L. case and, with time during the next days, I will have those finalized.

However, the broadside MSJ filed by Defendant, set on the same date as her co-counsel, Matthew Burris, has filed an MSJ for S.L., will make it impossible me to

properly respond to the motion; I simply do not have sufficient time.  We have multiple depositions to complete and I have no additional time to complete and file an opposition by the due date – January 14, 2020.  I am very concerned at the filing of such a motion during the time that the parties continued to discuss and, I believed, entertain settlement. This is not the first time that Defendant's counsel has acted in a manner that made my representation of Plaintiffs difficult; a deposition of Judith Johnson was scheduled by Shiva Stein in the San Diego area on the same day that her co-counsel in this matter and in S.L., Matthew Burris, scheduled my deposition for S.L. in Corona.  It took both my protestations and a letter from my retained counsel to get Ms. Stein to cancel that deposition.  However, both were well aware that I was obligated to appear in Corona at my own deposition in S.L. and could not appear in San Diego at the same time.

　　I am a sole practitioner and do not have access to a paralegal or assistant, other than my secretary, to prepare legal documents and pleadings for me.  Given the time, there is simply no ability for me to respond to the MSJ just filed by Defendant.

　　I am aware that Defendant's counsel is unavailable from December 25 through 31, 2019.  I have informed Ms. Stein that this ex parte application will be filed before December 25th, and I do believe that, because of the unavailability of counsel for Defendant, any additional

4

time the Court believes is necessary for Defendant's opposition should be allowed.

Given the status of discovery, the depositions and discovery yet to be completed, I ask that the Court modify its May 2019 Scheduling Order and extend out the dates for expert designation, discovery cut-off, motion hearing, pre-trial, and trial, and that it order the current MSJ filed by Defendant on December 20th to be continued to a reasonable date after the completion of discovery.

I have informed Plaintiffs that I intend to file a motion to withdraw from the case... to be filed shortly after December 25, 2019 and to be set for hearing on February 3, 2020.  Whatever the Court's ruling will be, this will complicate matters for Plaintiffs, and I do not want to act in a manner that prejudices their rights or abilities to prosecute their case.  A continuance of the MSJ filed by Defendant will allow Plaintiffs to both retain counsel and to prepare an opposition to that MSJ. date.

Executed under penalty of perjury under the laws of the State of California at Lakewood, California on December 24, 2019.

_/s/ Tania L. Whiteleather_
TANIA L. WHITELEATHER