**EXHIBIT 5**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANANDAIGUA WINE COMPANY, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>EDWIN MOLDAUER,<br><br>    Defendant. | 1:02-cv-06599 OWW DLB<br><br>MEMORANDUM DECISION AND ORDER GRANTING MOTION TO WITHDRAW (DOC. 57) |

On November 26, 2008, attorney Jacob M. Weisberg ("Weisberg") filed a motion to withdraw as counsel of record for Defendant Edwin Moldauer ("Moldauer") on the ground that communication has broken down between Weisberg and Moldauer as to case strategy and non-payment of attorney's fees. (Doc. 57.) Weisberg asserts that he is unable to continue representing Moldauer due to these disagreements and Defendant's refusal to accept his advice. (*Id.*) Weisberg filed an accompanying declaration under seal explaining the conflicts between him and his client in detail. (Doc. 61.)

Weisberg contends he has made several efforts since July 2008 to notify Moldauer of his intent to withdraw. (Doc. 57.)

1

His moving papers state Defendant's current mailing address. Weisberg further asserts that he has taken reasonable steps to avoid reasonably foreseeable prejudice to Defendant as required by California Rule of Professional Conduct 3-700(A)(2), including giving him due notice, allowing time for employment of other counsel, and complying with other applicable laws and rules. The trial date in this case is scheduled for February 10, 2009. Weisberg has spoken with Plaintiff's counsel, who has indicated that if Weisberg's motion to withdraw is granted, Plaintiff will not oppose a request by the Defendant to continue the trial date.

An attorney may not withdraw as counsel leaving the client *in propria persona* except by leave of court. *See* Eastern District of California Local Rule 83-182; *Darby v. City of Torrance*, 810 F.Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, No. 97-4737, 2004 U.S. Dist. LEXIS 28264, at *3-4 (N.D. Cal. Dec. 1, 2004) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). Local Rule 83-182(d) provides:

> Withdrawal. Subject to the provisions of subsection (c), an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

The Rules of Professional Conduct in California permit withdrawal if the client's "conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." California Rules of Professional Conduct Rule 3-700(C)(1)(d). Withdrawal is also permitted where a client breaches an obligation to his attorney with respect to payment of fees or expenses. California Rules of Professional Conduct Rule 3-700(C)(1)(f). In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case. *Irwin*, 2004 U.S. Dist. LEXIS 28264, at *4; *Beard v. Shuttermart of California, Inc.*, No. 07CV594WQH(NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J. 1996).

In determining whether good cause for withdrawal exists, courts have considered whether the client is cooperative or seeks to dictate litigation strategy. *Whiting v. Lacara*, 187 F.3d 317, 322-23 (2nd Cir. 1999). Courts have also held that the failure to pay attorney's fees may be grounds for withdrawal. See *Schueneman v. 1st Credit of America, LLC*, No. C 05 4505 MHP, 2007 WL 1969708, at *7-8 (N.D. Cal. July 6, 2007); *Statue of Liberty-Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986). Here counsel states in a supporting declaration that his client has repeatedly refused to accept his advice as to trial strategy or pay his fees. Counsel believes he is unable to continue

representation of Defendant.  Plaintiff has not filed any opposition or statement of non-opposition to the motion to withdraw.  Defendant has indicated he opposes withdrawal in papers he faxed to the court ex parte on January 3, 2009, which were disregarded in an order dated January 8, 2009.  (Doc. 67.)  Defendant's faxes are considered here for the limited purpose of showing the extent of the breakdown and lack of cooperation between attorney and client.

Upon review of counsel's sealed declaration and exhibits, it is clear that counsel and Defendant have reached an impasse with respect to case strategy and payment of counsel's outstanding fees.  Accordingly, Weisberg's motion to withdraw as counsel of record for Edwin Moldauer is GRANTED, subject to the following conditions: Edwin Moldauer shall notify the court of the identity of his new attorney or his intent to proceed *in propria persona* within 30 days following the date of service of this order.

IT IS SO ORDERED.

**Dated:   January 13, 2009**                    /s/ Oliver W. Wanger
                                                 UNITED STATES DISTRICT JUDGE

4