FAGEN FRIEDMAN & FULFROST, LLP
Shiva E. Stein, SBN 215012
sstein@f3law.com
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Phone: 760-304-6000
Fax: 760-304-6011

Attorneys for UPLAND UNIFIED
SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA LOOF, RENE LOOF and RACHEL LOOF,<br><br>  Plaintiffs,<br><br>vs.<br><br>UPLAND UNIFIED SCHOOL DISTRICT,<br><br>  Defendant. | CASE NO. 5:19-CV-00245-JGB-KK<br><br>**DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR EXTENSION OF TIME TO FILE MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS**<br><br>Judge:  Hon. Jesus G. Bernal<br>Crtm:   1 |

**TO THE COURT AND TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Defendant Upland Unified School District ("District") opposes Plaintiffs' Rita, Rene, and Rachel Loofs' (Collectively "Plaintiffs") request for an extension of time to allow Plaintiffs to file a motion to review the Clerk's taxation of costs in this case.

The Court may, in its discretion, grant an extension of time to avoid prejudice to the moving party if to do so does not prejudice the opposing party, and if good cause exists to grant the extension (Federal Rule of Civil Procedure Rule 6).

Here, Plaintiffs have failed to articulate good cause for an extension of time as required by Rule 6.  Further, the District will be prejudiced by yet another delay, continued waste of District resources, and delayed payment of awarded costs in a case the District prevailed on.  Plaintiffs have made it their standard practice to miss required deadlines and then ask for additional time.

### 1. Plaintiffs Had the Obligation to Meet and Confer, Not the District

According to Local Rule 54-1, a "prevailing party" entitled to costs under F.R.Civ.P. 54(d) is the party in whose favor judgment is entered.  Local Rule 54-2 requires that a prevailing party file an Application to the Clerk to Tax Costs. Pursuant to Local Rule 54-2.2, any party against whom costs are claimed may file and serve written objections to any cost claimed in the application within 14 days after service of an Application to the Clerk to Tax Costs.  That rule requires that the grounds for each objection be specifically stated.  In the absence of a timely objection, any allowable item may be taxed as requested in the application. Any objections filed under this rule must also contain a representation that counsel met and conferred in an effort to resolve disagreement about the taxable costs claimed in the bill, or that the objecting party made a good faith effort to arrange such a conference.

Under the rules, the Clerk's determination shall be final unless modified by the Court upon review. According to L.R. 54-2.5, a party may seek review of the Clerk's taxation of costs by filing and serving a motion to retax costs within seven (7) days of the Clerk's decision.  That review will be limited to the record made before the Clerk and encompass only those items specifically identified in the motion.

In the case at hand, the District was deemed the prevailing party on April 22, 2021, when the court granted its Motion for Summary Judgment in its entirety.  (See Document 90).  Judgment was entered in the District's favor on the same day.  (See Document 91).  As the Prevailing Party, the District is entitled to costs and was

1  required to file an Application to the Clerk to tax costs.  The District timely did so
2  on May 6, 2021.  Plaintiffs, through their counsel, were served with the Application
3  on May 6, 2021.  The Clerk entered the Bill of Costs on June 22, 2021, and served
4  the parties the same day.

5       Plaintiffs have known about District's Application to Tax for almost two
6  months yet did nothing.  Plaintiffs failed to make any objection to the District's
7  Application to tax costs.  Plaintiffs did not file the motion to Re-tax costs within
8  seven (7) days of Clerk's decision.  Plaintiffs did not meet and confer.  Instead, as is
9  his custom and practice, Mr. Stoller filed an untimely request on behalf of the
10 Plaintiffs for an extension of time at 11:16 p.m. on June 29,021—after court hours
11 on the deadline for filing a motion for the Court to review the Clerk's action on the
12 Bill of Costs.  [Doc. 94.]

13     **2.**    **Plaintiffs Have Not Shown Good Cause**

14      Plaintiffs untimely request to extend time seeks an extension of their time to
15 ask the Court to review the Clerk's action taken on the Bill of Costs.  The grounds
16 for the Request for Extension are that Plaintiffs' attorney was unable to file the
17 motion due to unforeseen circumstances.  In his declaration (Doc. 94), Plaintiff's
18 attorney cites three circumstances in an attempt to demonstrate that good cause
19 exists for an extension in this case.  (Doc. 94)  First, he states that Defendants did
20 not meet and confer on this matter, so he was unaware that of the District's intent to
21 apply for costs.  (The District was not required to meet and confer.  As the Prevailing
22 Party, the District is entitled to costs.)  Plaintiffs' counsel then states that he was
23 unaware of the District's application for costs because he had a family emergency that
24 required him to be in New York for two (2) weeks.  (Plaintiffs' counsel was served
25 with the application to tax costs on May 6—well before the last two weeks).  Lastly,
26 Plaintiffs' attorney states that his secretary was out of the office caring for her father
27 who had recently passed and became unavailable to assist in the office and this
28 matter.  (Again this argument is without merit as discussed above and below).

These reasons do not amount to good cause for an extension. Plaintiff has cited no authority requiring the moving party to meet and confer with Plaintiffs before filing an application to the Clerk to tax costs. (Declaration of Shiva Stein ("Stein Dec.") at ¶ 4.) Conversely, the Rules required Plaintiffs to meet and confer if they object to the Application or the amounts sought. Plaintiffs did not do so. (Stein Dec.at ¶ 4.) The District timely submitted its Application to the Clerk on May 6, 2021. (Doc. 92) Plaintiffs did not object or otherwise respond to the District's application. (Stein Dec. at ¶ 6.) The Clerk entered a Bill of Costs on June 22, 2021. (Doc. 93]) Again, Plaintiffs did not object or otherwise respond to this action until too late. (Stein Dec. at ¶ 8.)

As this Court is aware, Plaintiffs have consistently failed to follow deadlines in this case, as the Court had previously continued the District's Motion for Summary Judgment ("MSJ") (originally filed in December of 2019) and/or reopened discovery **five** prior times—three times at Plaintiffs request. (Document 67). The District refers the Court to the more comprehensive history of delays and extension requests it has previously identified in its prior filings. (Document 81).

### 3. Conclusion

Plaintiffs have once again missed a required deadline. Their latest request for more time is untimely, without good cause, and prejudicial to the District. Plaintiffs have made a habit of delay and extension requests. For these reasons, the District respectfully requests that Plaintiffs' request be denied and that this Court admonish Plaintiffs to make payment of the amount of costs taxed and owed to the District.

DATED: July 1, 2021          FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Shiva E. Stein
Attorneys for UPLAND UNIFIED SCHOOL DISTRICT

180-195/6138068.1