Michael T. Stoller, Esq., (Bar No. 120241)
LIBERTY LAW GROUP
7215 Canby Avenue
Reseda, California 91335
Telephone:  310-245-4028
Email:  michael.stoller@stollerlawgroup.com

Attorney for Plaintiffs
RITA LOOF, RENE LOOF, AND RACHEL LOOF

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA LOOF, RENE LOOF, AND RACHEL LOOF<br><br>        Plaintiffs,<br><br>v.<br><br>UPLAND UNIFIED SCHOOL DISTRICT<br>        Defendant. | Case No.  5:19-cv-00245-JGB-kk<br><br>**PLAINTIFFS' MOTION TO REVIEW AND SET ASIDE THE CLERK'S TAXATION OF COSTS UNDER THE CHRISTIANSBURG STANDARD; DECLARATIONS OF DAVID ARIAS, MARIA ARIAS, ANGELINA GOWARD, AUBRY KABIA, DEBRA KAMM, AMY LARSEN, JESSICA MARTINEZ, AND DAVID PALMER** |

Plaintiffs hereby move the Court to review the clerk's taxation of costs, and to set it aside completely under the *Christiansburg* standard as a violation of the American with Disabilities Act (ADA)'s bar to an award of fees and costs to an agency defendant against a parent or parent's attorney in ADA cases.

**AN AWARD OF FEES TO A PREVAILING DEFENDANT IS BARRED IN ADA CASES UNDER THE *CHRISTIANSBURG* STANDARD, WITH AN EXCEPTION NOT ALLEGED IN THIS CASE**

It is well-established in the Ninth Circuit that the standard enunciated in *Christiansburg Garment Co. v. EEOC*, 434 U.S.412 (1978) applies in ADA cases, and this is an ADA case.

For instance, in *Green v Mercy Housing*, Case Nos. 20-15134 (9th Cir. March 19, 2021), the Court in applying the *Christiansburg* standard to the Fair Housing Act wrote as follows:

In *Christiansburg*, the Supreme Court held that, under the fee-shifting provision of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(k), attorney's fees should be awarded to a prevailing defendant only if the plaintiff's claim was "frivolous, unreasonable, or without foundation." 434 U.S. at 421; see *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997). *Summers* construed *Christiansburg* as instructing that "attorney's fees should be granted to a defendant in a civil rights action only 'upon a finding that the plaintiff's action'" met the *Christiansburg* standard. 127 F.3d at 1154 (quoting *Christiansburg*, 434 U.S. at 421). Applying that standard, *Summers* held that a grant of attorney's fees to a prevailing defendant in an action brought under the Americans with Disabilities Act

(ADA), 42 U.S.C. § 12101 et seq., would be improper unless a plaintiff's underlying claim was "frivolous, unreasonable, or without foundation," 127 F.3d at 1154 (quoting *Christiansburg*, 434 U.S. at 421).

Accordingly, it is clear that fee awards to a defendant in an ADA case such as this one must be subject to the *Christiansburg* standard, and must therefore be denied unless the plaintiff's conduct meets that standard. Here, Defendant has not even alleged such qualifying conduct by Plaintiffs, and indeed has not asked for attorney fees – only costs.

## FEES AND COSTS ARE EQUALLY DISALLOWED UNDER THE ADA, WITHOUT DISTINCTION

Contrary to Defendant's apparent belief, the Ninth Circuit for this purpose makes no distinction between fees and costs. As the *Green* court further explained:

> We have since held that *Christiansburg* applies to the award of both fees and costs to a prevailing defendant under the ADA. See *Brown*, 246 F.3d at 1190. The ADA's fee-shifting provision states that a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. In *Brown*, we held that the ADA's statutory text "makes fees and costs parallel," and that the *Christiansburg* standard therefore applies equally to both. 246 F.3d at 1190.

Accordingly, the Ninth Circuit's long-standing jurisprudence bars fees and costs equally, so that where fees are barred, other costs are as well. Accordingly

3

the clerk's taxation should be set aside completely in accordance with Ninth Circuit precedent in ADA cases.

## AN AWARD OF COSTS WOULD HAVE A CHILLING EFFECT ON MERITORIOUS CASES

This case involves the breach of a settlement agreement that came about as a result of a dispute under the Individuals with Disabilities Act.  Thus, it might be argued that this is at least in part an IDEA case.  Thus, the Ninth Circuit's precedent in *R.P. v Prescott Unified School District,* 631 F.3d 1117 (9th Cir. 2011) applies.  In rejecting the entire award, the court made no distinction between the $129,951.50 in attorney's fees and $11,260.21 in costs.  *R.P.* clearly applies the Christiansburg standard to IDEA, through 20 U.S.C. § 1415(i)(3)(B)(i).

The *R.P.* court explained, "Lawyers would be improperly discouraged from taking on potentially meritorious IDEA cases if they risked being saddled with a six-figure judgment for bringing a suit where they have a plausible, though ultimately unsuccessful, argument, as here."

Clearly the award of over $10,000 against the losing parent must have the same chilling effect cited by the *R.P.* court.  Awarding costs to a government agency when parents do not prevail would set a dangerous precedent and discourage parents from pursuing meritorious legal remedies for their children – precisely the result that the *R.P.* court wished to preclude.

Plaintiffs have attached declarations from parents (e.g. DAVID ARIAS, MARIA ARIAS, ANGELINA GOWARD, AUBRY KABIA, DEBRA KAMM,

4
PLAINTIFFS' MOTION TO REVIEW AND SET ASIDE CLERK'S TAXATION OF COSTS

AMY LARSEN, JESSICA MARTINEZ, AND DAVID PALMER) as evidence of the chilling effect. The *Christiansburg* standard that applies to IDEA, the ADA, and other civil rights laws is intended to discourage only frivolous actions and litigation with an improper purpose. Potentially meritorious would be unduly discouraged by an award of attorney fees or costs.

## CONCLUSION

Based on the foregoing it is respectfully submitted that the court set aside the Clerk's Taxation of Costs and award nothing.

Dated: July 6, 2021                    LIBERTY LAW GROUP

By: /s/ *Michael T. Stoller*

MICHAEL. T. STOLLER
Attorney for Plaintiffs

## DECLARATION OF MARIA ARIAS

I, MARIA ARIAS, have personal knowledge of the following and can, if called, testify to the same in a court of law.

I am the parent of a student with a disability, S. A., who is identified as having ADHD.

My child was taken to due process to denied him an independent assessment (IEE) in April 2020, during Covid 19 pandemic.  Our family disagree with school assessment and outcome, so we asked for an IEE. District sued my son during a very difficult time. We were forced to obtain legal representation and seek assistance.  We had no financial means to go to due process, so we had to settled in mediation.  This was totally devastating for our son and family.

I am aware that the Upland Unified School District is seeking costs in the amount of over $10,000 from a disabled student, her attorney and the parents (Case No. CV 19-0245 JGB). I am now concerned

about the possibility that, even though I believe my current or future claims are supported by the law, my school district can file a motion for attorney's fees and costs against our family for advocating for our child's rights. Our family could not afford to pay school district attorney fees or costs, and the potential that this could happen would have a chilling effect on our advocacy on behalf of our child. Certainly, were a court to order my family to pay for the fees and costs for the school district, we would be placed in an unworkable financial position.

   Executed under penalty of perjury under the laws of the State of California at Fontana, California on July 6, 2021.

_____

Maria Arias

## DECLARATION OF DAVID ARIAS

I, DAVID ARIAS, have personal knowledge of the following and can, if called, testify to the same in a court of law.

I am the parent of a student with a disability, S. A., who is identified as having ADHD.

My child was taken to due process to denied him an independent assessment (IEE) in April 2020, during Covid 19 pandemic. Our family disagree with school assessment and outcome, so we asked for an IEE. District sued my son during a very difficult time. We were forced to obtain legal representation and seek assistance. We had no financial means to go to due process, so we had to settled in mediation. This was totally devastating for our son and family.

I am aware that the Upland Unified School District is seeking costs in the amount of over $10,000 from a disabled student, her attorney and the parents (Case No. CV 19-0245 JGB). I am now concerned

about the possibility that, even though I believe my current or future claims are supported by the law, my school district can file a motion for attorney's fees and costs against our family for advocating for our child's rights. Our family could not afford to pay school district attorney fees or costs, and the potential that this could happen would have a chilling effect on our advocacy on behalf of our child. Certainly, were a court to order my family to pay for the fees and costs for the school district, we would be placed in an unworkable financial position.

Executed under penalty of perjury under the laws of the State of California at Fontana, California on July 6, 2021.

Sincerely,

David G. Arias

## DECLARATION OF David J. Palmer

I, David J. Palmer, have personal knowledge of the following and can, if called, testify to the same in a court of law.

I am the parent of two students with a disability, SJP and JLP, who are identified as having Specific Learning Disabilities and OHI.

Over the course of my students education, I have had various disagreements with the School District in which I have had to file Compliance Complaints, Mediation Only and Due Process Complaints. I have exercised my rights to obtain a Free and Appropriate Public Education for my students with disabilities in the Least Restrictive Environment. My students have gained educational benefit due to my efforts and matriculated as anticipated. My oldest has graduated and is now attending college. From my efforts she graduated in the top 20% of her class and was accepted with honors to the college of her choice.

1    I am aware that the Upland Unified School
2  District is seeking costs in the amount of over
3
4  $10,000 from a disabled student, her attorney and the
5  parents (Case No. CV 19-0245 JGB). I am now concerned
6  about the possibility that, even though I believe my
7
8  current or future claims are supported by the law, my
9  school district can file a motion for attorney's fees
10  and costs against our family for advocating for our
11
12  child's rights. Our family could not afford to pay
13  school district attorney fees or costs, and the
14  potential that this could happen would have a
15
16  chilling effect on our advocacy on behalf of our
17  child. Certainly, were a court to order my family to
18  pay for the fees and costs for the school district,
19
20  we would be placed in an unworkable financial
21  position.
22
23
24    Executed under penalty of perjury under the laws
25  of the State of California at Rancho Cucamonga,
26  California on
27
28  July 6, 2021.

David J. Palmer

## DECLARATION OF Amy H. Larsen

I, Amy H. Larsen, have personal knowledge of the following and can, if called, testify to the same in a court of law.

I am the parent of a student with a disability, [C.L.], who is identified as having autism and a language disorder.

Her school district has not provided compensatory educational services for speech and language services. I needed to file a state complaint in order to have the service ordered to comply with my child's IEP.

I am aware that the Upland Unified School District is seeking costs in the amount of over $10,000 from a disabled student, her attorney and the parents (Case No. CV 19-0245 JGB). I am now concerned about the possibility that, even though I believe my current or future claims are supported by the law, my school district can file a motion for attorney's fees and costs against our family for advocating for our child's rights. Our family could not afford to pay

school district attorney fees or costs, and the potential that this could happen would have a chilling effect on our advocacy on behalf of our child. Certainly, were a court to order my family to pay for the fees and costs for the school district, we would be placed in an unworkable financial position.

Executed under penalty of perjury under the laws of the State of California at Long Beach, California on July 6, 2021.

Amy H. Larsen

## DECLARATION OF Angelina Suarez

I, Angelina Suarez    , have personal knowledge of the following and can, if called, testify to the same in a court of law.

I am the parent of a student with a disability, J.S., who is identified as having Autism, SLD and SLI.

FAPE has not been provided to my child which has caused him to regress significantly. We have had to ask for several IEE in which the district paid for however is not agreeable to implanting proper services which expert witnesses have documented my son is in need of. Due to this we have had to hire an attorney on top of the advocate we have had and will possibly be facing a DP case. We have had already to spend a significant amount of money to pay for lawyer fees not to mention the school has also had to do so when really this amount of money should be allotted

to students and teachers who greatly need the support.

I am aware that the Upland Unified School District is seeking costs in the amount of over $10,000 from a disabled student, her attorney and the parents (Case No. CV 19-0245 JGB). I am now concerned about the possibility that, even though I believe my current or future claims are supported by the law, my school district can file a motion for attorney's fees and costs against our family for advocating for our child's rights. Our family could not afford to pay school district attorney fees or costs, and the potential that this could happen would have a chilling effect on our advocacy on behalf of our child. Certainly, were a court to order my family to pay for the fees and costs for the school district, we would be placed in an unworkable financial position.

1    July 6, 2021.

2

3

4    _Angelina Sm_

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF AUBRY KABIA**

I, Aubry Kabia, have personal knowledge of the following and can, if called, testify to the same in a court of law.

I am the parent of a student with a disability, EK, who is identified as having Autism and a SLI.

Last year, during the midst of the COVID-19 pandemic and school closures, our district sued my son/our family to deny him an evaluation. We felt this was an intimidation tactic to discourage our family from ensuring our son received an appropriate education from his public school.

I am aware that the Upland Unified School District is seeking costs in the amount of over $10,000 from a disabled student, her attorney and the parents (Case No. CV 19-0245 JGB). I am now concerned about the possibility that, even though I believe my current or future claims are supported by the law, my

school district can file a motion for attorney's fees and costs against our family for advocating for our child's rights. Our family could not afford to pay school district attorney fees or costs, and the potential that this could happen would have a chilling effect on our advocacy on behalf of our child. Certainly, were a court to order my family to pay

for the fees and costs for the school district, we would be placed in an unworkable financial position.

Executed under penalty of perjury under the laws of the State of California at Alta Loma, California on

July 6, 2021.

_Aubry Kabia_

Aubry Kabia

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>DECLARATION OF JESSICA MARTINEZ</u>**

I, Jessica Martinez, have personal knowledge of the following and can, if called, testify to the same in a court of law.

I am the parent of two students with a disability, J.R. and J.R. , who are identified as having Autism and Speech and Language Impairment.

My school district filed due process on both of my children and I had to find an attorney to represent our family in the due process hearings. I spent two weeks for each child in the due process hearings.

I am aware that the Upland Unified School District is seeking costs in the amount of over $10,000 from a disabled student, her attorney and the parents (Case No. CV 19-0245 JGB). I am now concerned about the possibility that, even though I believe my current or future claims are supported by the law, my school district can file a motion for attorney's fees

and costs against our family for advocating for our child's rights. Our family could not afford to pay school district attorney fees or costs, and the potential that this could happen would have a chilling effect on our advocacy on behalf of our child. Certainly, were a court to order my family to pay for the fees and costs for the school district, we would be placed in an unworkable financial position.

Executed under penalty of perjury under the laws of the State of California at Rancho Cucamonga, California on July 6, 2021.

_____

Jessica Martinez

## **DECLARATION OF Debra Kamm**

I, Debra Kamm, have personal knowledge and beliefs of the following and can, if called, testify to the same in a court of law.

I am the parent of a former student (B.K.) and current student (K.K.) each of whom are identified as students with disabilities under the eligibility category of Specific Learning Disability (SLD).

Both of my children were denied a Free Appropriate Public Education (FAPE)at different times throughout their schooling. Unfortunately, it was necessary for us to hire an attorney and file for Due Process in order to obtain the services they needed. However, we were able to settle with the school district prior to going to a hearing in both cases.

I am aware that the Upland Unified School District is seeking costs in the amount of over $10,000 from a disabled student, her attorney and the parents (Case No. CV 19-0245 JGB).

It is my understanding - based upon the procedural safeguards we were given by our district -

that a district can only attempt to recover attorney fees and costs if the filing was frivolous or filed for an improper purpose such as harassment or delay. It is also my understanding that the Upland case has not been determined as being filed in such a manner.

I am, therefore, now very concerned that if I need to file for Due Process in the future and lose, our school district could try to recover attorney fees and costs even if I filed in good faith – and in conflict with the procedural safeguards.  Since school districts have teams of taxpayer-funded attorneys who can easily run up costs, these fees and costs could reach enormous dollar amounts, putting our family in serious financial jeopardy.

In addition, had we known prior that we could be liable for these fees and costs, we may not have filed for Due Process in the past for either of our children.  They then, would not have received the services they needed which have allowed each of them to make educational progress.

Therefore, being liable for these fees and costs definitely would have created a chilling effect on us

1  in the past and will likewise have a chilling effect
2  on us if we need to file for Due Process in the
3  future.
4
5     Executed under penalty of perjury under the laws
6  of the State of California at Irvine, California on
7  July 6, 2021.
8
9
10  _____
11
12  Debra Kamm
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28