Michael T. Stoller, Esq., (Bar No. 120241)
LIBERTY LAW GROUP
7215 Canby Avenue
Reseda, California 91335
Telephone: 310-245-4028
Email: michael.stoller@stollerlawgroup.com

Attorney for Plaintiffs
RITA LOOF, RENE LOOF,
AND RACHEL LOOF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA LOOF, RENE LOOF, AND RACHEL LOOF,<br><br>Plaintiffs,<br><br>v.<br><br>UPLAND UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.  5:19-cv-00245-JGB-KK<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO QUASH OR RECALL WRIT OF EXECUTION**<br><br>Judge:        Hon. Jesus G. Bernal<br>Hearing Date: August 16, 2021<br>Hearing Time: 9:00<br>Location:       Courtroom 1<br>3470 Twelfth Street<br>Riverside, California 92501 |

# TABLE OF CONTENTS

I. Awarding fees or costs to Defendant is improper under IDEA and the ADA….5

   A. An award of fees to a prevailing defendant is barred in IDEA and ADA cases under the *Christiansburg* standard, with an exception not alleged in this case…………………………………….………………………………..5

   B. Fees and costs are equally disallowed under the ADA and IDEA, without distinction……………………………………………………………………..6

   C. An award of costs against the parent would have a chilling effect on meritorious cases…………………….…………………………………………7

II. The Writ of Execution improperly issued, and so must be quashed or recalled……………………………………………...………………………………..8

   A. Defendant failed to show, as required, that this court has jurisdiction to enforce garnishment or other actions to collect this judgment…………….8

   B. "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located," (FRCP 69) and it did not……….11

      1. The Writ is premature………………………………….…………..11

      2. Plaintiffs were denied adequate opportunity to challenge the Writ…..12

      3. This Court's subsequent order rendered the Writ moot………………13

III. Conclusion…………………………………………………………………..13

# TABLE OF AUTHORITIES

**Federal Cases**

*Boddie v. Connecticut,*
401 U.S. 371 (1971).................................................................12

*Christiansburg Garment Co. v. EEOC*,
434 U.S.412 (1978)………………………………………….……5, 6, 7

*EEOC v Bruno's Restaurant,*
13 F.3d 285 (9th Cir. 1992)……………………………………………..6, 8

*Fuentes v. Shevin,*
407 U.S. 67 (1972).....................................................................12

*Green v Mercy Housing*,
Case Nos. 20-15134 (9th Cir. March 19, 2021)………………...…………5, 6

*Hudson v. Coleman*,
347 F.3d 138 (6th Cir. 2003)……………………………….………………9

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375, 377 (1994)………………………...……………………..9, 10

*Peacock v. Thomas,*
516 U.S. 349 (1996)……………………………………………………10

*R.P. v Prescott Unified School District*,
631 F.3d 1117 (9th Cir. 2011)……………………………………….6, 7, 10, 13

*Sniadach v. Family Finance Corp.,*
395 U.S. 337 (1969)…………………………………………………….12

**California Cases**

*Randone v. Appellate Department*,
5 Cal. 3d 537 (1971)……………………………………....………………12, 13

*Salveter v. Salveter,*
11 Cal.App.2d 335 (Cal. Ct. App. 1936)………………………………………...11

*Taboada v. Sociedad Espanola de Beneficia Mutua,*
(1923) 191 Cal. 187, 191……………………………………………………….....12

**Federal Statutes**

Federal Rule of Civil Procedure (FRCP) 69………………………....…9, 10, 13

20 U.S.C. § 1415(i)(3)(B)(i)……………………………………………………...7

# I. AWARDING FEES OR COSTS TO DEFENDANT IS IMPROPER UNDER IDEA AND THE ADA.

## A. An award of fees to a prevailing defendant is barred in IDEA and ADA cases under the *Christiansburg* standard, with an exception not alleged in this case.

It is well-established in the Ninth Circuit that the standard enunciated in *Christiansburg Garment Co. v. EEOC*, 434 U.S.412 (1978) applies in ADA cases.

For instance, in *Green v Mercy Housing*, Case Nos. 20-15134 (9th Cir. March 19, 2021), the Court in applying the *Christiansburg* standard to the Fair Housing Act wrote as follows:

> In *Christiansburg*, the Supreme Court held that, under the fee-shifting provision of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(k), attorney's fees should be awarded to a prevailing defendant only if the plaintiff's claim was "frivolous, unreasonable, or without foundation." 434 U.S. at 421; see *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997). *Summers* construed *Christiansburg* as instructing that "attorney's fees should be granted to a defendant in a civil rights action only 'upon a finding that the plaintiff's action'" met the *Christiansburg* standard. 127 F.3d at 1154 (quoting *Christiansburg*, 434 U.S. at 421). Applying that standard, *Summers* held that a grant of attorney's fees to a prevailing defendant in an action brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., would be improper unless a plaintiff's underlying claim was "frivolous, unreasonable, or without foundation," 127 F.3d at 1154 (quoting *Christiansburg*, 434 U.S. at 421).

So it is clear that fee awards to a defendant in an ADA case must be subject to the *Christiansburg* standard, and must therefore be denied unless the plaintiff's conduct meets that standard.

Defendant did not and could not allege that, as the Ninth Circuit explained in *R.P. v Prescott Unified School District*, 631 F.3d 1117 (9th Cir. 2011), litigation cannot be frivolous if there was a foundation for their suit. "They made plausible arguments as to why they should prevail; the fact that the arguments were not successful doesn't make them frivolous." Again, "Rather, as we held in *Bruno's Restaurant*[1], so long as the plaintiffs present evidence that, if believed by the factfinder, would entitle them to relief, the case is per se not frivolous and will not support an award of attorney's fees. 13 F.3d at 290. Section 1415(i)(3)(B)(i)(III)."

**B. Fees and costs are equally disallowed under the ADA and IDEA, without distinction.**

Contrary to Defendant's apparent belief, the Ninth Circuit for this purpose makes no distinction between fees and costs. As the *Green* court further explained:

> We have since held that *Christiansburg* applies to the award of both fees and costs to a prevailing defendant under the ADA. See *Brown*, 246 F.3d at 1190. The ADA's fee-shifting provision states that a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. In *Brown*, we held that

---

[1] *EEOC v Bruno's Restaurant* was an employment case, and the *R.P.* court found that it applied to IDEA, thus treating IDEA like any other civil rights statute subject to *Christiansburg*.

7
PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH OR RECALL
WRIT OF EXECUTION

the ADA's statutory text "makes fees and costs parallel," and that the *Christiansburg* standard therefore applies equally to both. 246 F.3d at 1190.

Likewise, the *R.P.* court, when it reversed the entire award of the district court, made no distinction between the $129,951.50 in attorney's fees and the $11,260.21 in costs in the award at issue. The *R.P.* holding clearly applies the *Christiansburg* standard to IDEA, through 20 U.S.C. § 1415(i)(3)(B)(i) – and as with the ADA, makes no distinction between fees and costs.

So the Ninth Circuit's long-standing jurisprudence bars fees and costs equally. Where fees are barred under *Christiansburg*, other costs are as well. The clerk's taxation should be set aside completely in accordance with Ninth Circuit precedent in ADA cases and IDEA through *R.P. v Prescott Unified School District,* and the Writ should be quashed or recalled.

**C. An award of costs would have a chilling effect on meritorious cases.**

As the Ninth Circuit wrote in *R.P.*:

> Collecting against parents requires a showing of both frivolousness and an improper purpose, while collecting against their attorneys requires only a showing of frivolousness. This makes sense since parents are not usually in the position to assess whether a claim is frivolous. Because the parents' action was not frivolous, it could not be filed for an improper purpose. See id. *They should not have to face financial ruin for attempting to vindicate the rights of their disabled child.* [emphasis added]

It should be noted that in relying on *EEOC v Bruno's Restaurant* for its holding – an employment case in which the financial ruin of plaintiff was not in question – the shield that IDEA provides to parents is an especially weighty consideration.

This case involves the breach of a settlement agreement that came about as a result of a dispute under the Individuals with Disabilities Act. This is at least in part an IDEA case, and so *R.P. v Prescott Unified School District* is directly on-point.

Clearly the award here of over $10,000 against the losing parent must have the same chilling effect cited by the *R.P.* court, not only on Plaintiffs but other parents of lesser means. Awarding costs to a government agency when parents do not prevail would set a dangerous precedent and discourage parents from pursuing meritorious legal remedies for their children – precisely the result that the *R.P.* court wished to preclude.

Plaintiffs have separately filed declarations from parents (David Arias, Maria Arias, Angelina Goward, Marianne Grossner, Aubry Kabia, Debra Kamm, Amy Larsen, Rita Loof, Jessica Martinez, and David Palmer) as evidence of this chilling effect. The *Christiansburg* standard that applies to IDEA, the ADA, and other civil rights laws is intended to discourage only frivolous actions and litigation with an improper purpose, while making sure not to discourage meritorious actions.

## II. THE WRIT OF EXECUTION IMPROPERLY ISSUED, AND SO MUST BE QUASHED OR RECALLED.

### A. Defendant failed to show, as required, that this court has jurisdiction to enforce garnishment or other actions to collect this judgment.

Defendant caused the Clerk of this Court to issue the Writ of Execution against the Loofs under the authority of Federal Rule of Civil Procedure (FRCP) 69, which generally allows proceedings to collect federal judgments in the manner that "accord[s] with the procedure of the state where the court is located." FRCP 69(a)(1).

But Rule 69 does not itself independently confer subject matter jurisdiction on the federal courts over all garnishment proceedings related to a federal judgment. *Hudson v. Coleman*, 347 F.3d 138 (6th Cir. 2003). Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests with the party seeking to invoke it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Courts must be sensitive to the possibility that ancillary enforcement jurisdiction may not exist. That sensitivity is highlighted by the Supreme Court's caution that "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen*, 511 U.S. at 377. If that dispute is not factually intertwined with the facts of the main case on which federal jurisdiction is premised or injects new legal theories that were distinct from those in the underlying action, then federal courts must find an independent basis upon which to exercise subject matter jurisdiction.

In few words, the *Kokkonen* Court reversed the holdings of the district court and the Ninth Circuit that the federal courts had ancillary jurisdiction, based on their inherent power, to enforce the breached settlement agreement. In this case, too, the question of fees and costs is a separate question from those addressed in the underlying action, and Defendant had the duty to demonstrate federal jurisdiction over this new claim for costs, showing, among other things, how intertwined the question of costs is with the original decision and why *R.P. v Prescott Unified School District* did not apply to bar this award. Having the duty to demonstrate such ancillary jurisdiction in this case, Defendant did not, and so the limited jurisdiction of this Court to order the payment of these costs was never established. Defendant has simply not met its burden of establishing that this Court has jurisdiction regarding the award of costs.

Indeed, the Writ of Execution – a pre-garnishment action – pressed here by Defendant can be characterized as nothing other than a "proceeding [ that [is] '"entirely new and original,"' [] where 'the relief [sought is] of a different kind or on a different principle' than that of the prior decree." *Peacock v. Thomas*, 516 U.S. 349 (1996). Consequently, there is no ancillary jurisdiction to entertain it.

**B. "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located," (FRCP 69) and it did not.**

FRCP 69, the basis for the issuance of the Writ, requires compliance with California's procedure for enforcing such judgments. In several ways, the Writ fails to satisfy this requirement.

**1. The Writ is premature.**

"It is a fundamental rule that a writ of execution must be founded upon a valid and subsisting judgment which has not been satisfied." *Salveter v. Salveter,* 11 Cal.App.2d 335 (Cal. Ct. App. 1936). On June 22, 2021, the Clerk entered Bill of costs in favor of Defendant in amount of $10,925.24 (Dkt. No. 93). Only eight days later, on June 30, 2021, Defendant filed its application for the Writ of Execution (Dkt. No.96), which was corrected and re-filed due to deficiencies identified by the Court on July 2, 2021 (Dkt. No. 99). The Clerk signed and entered the Writ of Execution on July 6, 2021, stating that the debt to the school district was due immediately. The rapid filings by the school district and very short timeline prevented Plaintiff from appropriately defending against these actions.

The Court's Order of July 8, 2021 (Dkt. No. 104) made it clear that Plaintiffs has 30 days to confer payment and thus, the Writ of Execution issued by the Clerk is premature because Plaintiffs' due date for satisfaction of the judgment was nearly a whole month after the Writ was issued.

**2. Plaintiffs were denied adequate opportunity to challenge the Writ.**

Courts have long recognized that that the most fundamental ingredient of the "due process" guaranteed by our state Constitution is "a meaningful opportunity to be heard." *Randone v. Appellate Department,* 5 Cal. 3d 537 (1971). In *Taboada v. Sociedad Espanola de Beneficia Mutua* (1923) 191 Cal. 187, 191, the court explained: "It is a fundamental principle of justice that no man may be condemned or prejudiced in his rights without an opportunity to make his defense. This rule is not confined alone to courts of justice and strictly legal tribunals, but is applicable to every tribunal which has the power and authority to adjudicate questions involving legal consequences."

*Boddie v. Connecticut*, 401 U.S. 371 (1971), recognized that "absent a countervailing state interest of overriding significance" (401 U.S. at p. 377), due process requires, at a minimum, that an individual be given a meaningful opportunity to be heard before being subjected by force of law to a significant deprivation.

In such cases as *Sniadach v. Family Finance Corp.*, (1969) 395 U.S. 337, and *Fuentes v. Shevin*, 407 U.S. 67 (1972), the United States Supreme Court has struck down, as violating due process of law, prejudgment wage garnishment and replevin procedures which did not afford the asserted debtor an opportunity to litigate the underlying claim against him before a seizure of his assets. Although this case deals with postjudgment procedures which may eventually lead to wage garnishment, the principle that a potential debtor is entitled to the opportunity to litigate the underlying claim applies. California has recognized and applied the

principles of *Sniadach* in such decisions as *Randone v. Appellate Department* (1971), 5 Cal. 3D 536, and *Blair v Pitchess* (1971), 5 Cal. 3d 258. An individual must be afforded an opportunity for a hearing before he is deprived of any significant property interest, and exceptions to this principle can only be justified in extraordinary circumstances.

Here, the issuance of the Writ in the absence of a hearing to determine whether it was justified – as under *R.P. v Prescott Unified School District* it clearly is not – violated Plaintiffs' due process rights under *Sniadach* and California law, which under FRCP 69 must be complied with.

**3. This Court's subsequent order rendered the Writ moot.**

The Writ of Execution states that it is due effective immediately. It became moot on July 8, 2021, when the Court issued its order (Dkt. 104) that payment was not due for another 30 days. Because the Writ of Execution is now moot, it must be recalled or quashed.

## III. CONCLUSION

The Clerk's Taxation of Costs, and consequently the Writ of Execution, violate the Ninth Circuit's mandatory authority precluding an award of fees and costs to prevailing defendants in IDEA and ADA cases, except when actions are frivolous or brought for an improper purpose; here, it is undisputed that that does not apply.

14
PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH OR RECALL
WRIT OF EXECUTION

Even if this were not so, the Writ denies Plaintiffs due process in violation of California law, which FRCP 69 states must be complied with.  Finally, the Writ was rendered moot anyway by this Court's subsequent order.

Therefore, the Writ of Execution must be recalled or quashed.

Dated: July 15, 2021              LIBERTY LAW GROUP

By: /s/ *Michael T. Stoller*

MICHAEL. T. STOLLER
Attorney for Plaintiffs