FAGEN FRIEDMAN & FULFROST, LLP
Shiva E. Stein, SBN 215012
sstein@f3law.com
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Phone: 760-304-6000
Fax: 760-304-6011

Attorneys for UPLAND UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA LOOF, RENE LOOF and RACHEL LOOF,<br><br>Plaintiffs,<br><br>vs.<br><br>UPLAND UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. 5:19-CV-00245-JGB-KK<br><br>**DEFENDANT UPLAND UNIFIED SCHOOL DISTRICT'S OPPOSITION TO PLAINTIFFS' MOTION TO QUASH OR RECALL WRIT OF EXECUTION; DISTRICT'S REQUEST FOR SANCTIONS**<br><br>Date:   August 16, 2021<br>Time:  9:00 a.m.<br>Judge: Hon. Jesus G. Bernal<br>Crtm:  1 |

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION/PROCEDURAL HISTORY ................................................. 1

   A.  Plaintiffs' Motion is Untimely and Filed in Violation of District Local Rules ........................................................................................... 3

   B.  Defendants Are Entitled to Costs ........................................................ 4

   C.  Writ of Execution Was Not Improperly Issued; There Is No Basis to Quash or Recall ..................................................................... 7

      1.  This Court has had jurisdiction on this matter since 2019 and the costs awarded arose out of the underlying matter. .......... 7

      2.  The writ is not premature. ........................................................ 7

      3.  Due process does not afford Plaintiffs yet another opportunity to challenge the writ. ............................................. 8

   D.  District Requests Sanctions for Having to Oppose Plaintiffs' Duplicative, Previously Denied, Untimely, Improper, and Frivolously Filed Motion. ................................................................. 10

II. CONCLUSION ............................................................................................. 13

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

# TABLE OF AUTHORITIES

**Page**

**CASES**

*B.K.B. v. Maui Police Dept.*
   276 F.3d 1091 (9th Cir. 2002) ............................................................... 10

*Camfield v. Bd. of Trustees of Redondo Beach Unified Sch. Dist.*
   2:16-cv-02367, 2018 WL 910459, at *2 (C.D. Cal. Feb. 14, 2018) ................. 5

*Chambers v. NASCO, Inc.*
   501 U.S. 32 (1991) ................................................................................. 10

*Endicott-Johnson Corp. v. Encyclopedia Press*
   266 U.S. (1924) ....................................................................................... 9

*Figueroa v. Gates*
   2002 WL 31572968, at *3 (C.D. Cal., Nov. 15, 2002, No. CV00-4158ABC (BQRX) ............................................................................................ 11

*Fink v. Gomez*
   239 F.3d 989 (9th Cir. 2001) .................................................................. 10

*Hudson v. Coleman*
   347 F.3d 138 (6th Cir. 2003) .................................................................... 7

*Jang v. Sagicor Life Ins. Co.*
   2019 WL 6434934 (C.D. Cal. Oct. 25, 2019) ........................................ 5, 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ................................................................................. 7

*Lorrillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*
   259 F.R.D. 323 (N.D.Ill. 2009) ............................................................... 11

*Martin v. Cal. Dep't of Veterans Affairs*
   560 F.3d 1042 (9th Cir. 2009) .................................................................. 5

*Mformation Techs., Inc. v. Research in Motion Ltdl*
   2012 WL 6025746 (N.D. Cal. Dec. 4, 2012) ............................................ 6

*Mosavi v. Mt. San Antonio Coll.*
   2018 WL 621986 (C.D. Cal. Nov. 15, 2018) ............................................ 6

*Moya v. DeBaca*
   286 F. Supp. 606 (D.N.M. 1968) .............................................................. 9

*Primus Auto. Fin. Serv., Inc. v. Batarse*
   115 F.3d 644 (9th Cir. 1997) .................................................................. 10

*Salveter v. Salveter*
   11 Cal. App. 2d 335 (1936) ................................................................. 7, 8

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

*Schutts v. Bently Nevada Corp.*
    966 F. Supp. 1549 (1997) ............................................................................. 11

*Stanley v. Univ. of S. California*
    178 F.3d 1069 (9th Circ. 1999) ..................................................................... 6

*Wages v. I.R.S.*
    915 F.2d 1230 (9th Cir. 1990) ..................................................................... 10

**STATUTES**

28 U.S.C. § 1927 ............................................................................................. 10, 12

CCP § 1032(4) ........................................................................................................ 5

**RULES**

FCRP 54(d) .............................................................................................................. 5

FRCP 54(d)(1) ........................................................................................................ 5

FRCP 62(b) ............................................................................................................. 9

L.R. 11-9 ................................................................................................................ 11

L.R. 37-4 ................................................................................................................ 11

L.R. 54-2.2 .............................................................................................................. 4

L.R. 54-2.5 ...................................................................................................... 4, 5, 6

L.R. 54-6 .............................................................................................................. 7, 8

L.R. 7-13 ............................................................................................................... 11

L.R. 7-3 ................................................................................................................... 3

L.R. 83-7 ............................................................................................................... 11

L.R. 83-8.1 ............................................................................................................ 13

Fagen Friedman & Fulfrost, LLP
1525 Faraday Avenue, Suite 300
Carlsbad, California 92008
Main 760-304-6000 • Fax 760-304-6011

iii     Case No. 5:19-CV-00245-JGB-KK
DISTRICT'S OPPOSITION TO PLAINTIFFS' MOTION TO QUASH OR RECALL WRIT OF EXECUTION

**TO THE COURT AND TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Defendant Upland Unified School District ("District") opposes Plaintiffs' Rita, Rene, and Rachel Loofs' (Collectively "Plaintiffs") motion to quash or recall writ of execution.

## I.   INTRODUCTION/PROCEDURAL HISTORY

This Court is very familiar with the Plaintiffs as they have filed numerous lawsuits before this Court. Plaintiffs in this matter have a custom and practice of missing court-ordered deadlines, disregarding this Court's various orders, and then filing untimely, unauthorized, and, in many cases, duplicative/harassing/frivolous motions that waste District's precious resources and this Court's time. Even though the District completely prevailed in the underlying federal court case, District did not <u>seek any attorney fees</u> in its cost bill; rather, District only sought recoverable costs as the prevailing party. Notwithstanding, Plaintiffs have (without basis) refused to make payment on the award of costs granted by this Court over 30 days ago. Instead, despite warning that District would seek attorney fees for ongoing unnecessary litigation, Plaintiffs chose to file the current motion. District is now seeking reimbursement of incurred attorney fees as related to Plaintiffs' latest untimely, harassing, duplicative motion filed for an improper purpose to cause unnecessary delay and needlessly increase the cost of litigation. Plaintiffs already owe and have refused to pay the District ordered costs in the amount of $10,925.24. District requests the Court, once again, deny Plaintiffs' latest motion and order payment of additional sanctions in the amount of $5423.00 for attorney fees related to the pending motion (Paragraph 14 of Decl. of Stein). The following procedural history and discussion will assist the Court in making the requested just ruling.

On February 6, 2019, Plaintiffs filed their Complaint against District asserting two causes of action: (1) Retaliation in violation of the Americans with Disabilities Act (ADA)/Rehabilitation Act (Federal claim); and (2) Breach of Contract

(California state claim). Based on the federal claim asserted, the Court exercised jurisdiction on this matter. On April 22, 2021, this Court granted District's motion for summary judgment in its entirety and dismissed Plaintiffs' Complaint with prejudice. Document 90. On April 22, 2021, this Court closed this case and issued judgment in favor of District. Document 91. District is the prevailing party in this matter.

On May 6, 2021, District filed its Application to Tax Costs. Document 92. All documents in this matter have been served to opposing counsel/Plaintiffs through the Court's electronic filing system. <u>At no time</u> did Plaintiffs file an opposition/objection to the Application to Tax Costs. On June 22, 2021, this Court taxed costs against Plaintiffs in the amount of $10,925.24. Document 93. Plaintiffs did not timely file a motion seeking review of the awarded costs. Instead, on June 29, 2021, at 11:16 p.m., Plaintiffs filed a request for extension of time to file a motion to review costs. Document 94. Without permission or approval of this Court allowing Plaintiffs' requested extension on their late filing, on July 6, 2021, Plaintiffs unilaterally filed an untimely and unauthorized "Motion to Review and Set Aside the Clerk's Taxation of Costs Under the *Christiansburg* Standard." Plaintiffs' motion included numerous declarations. Document 102.[1] On July 8, 2021 the Court denied Plaintiffs' request for extension of time to file a motion to review costs and ordered costs of $10,925.24 "due and payable by Plaintiffs' to the District **within** 30 days" (not on the 30th day (i.e., August 8, 2021—as Plaintiffs claim) (emphasis added). Document 104.

On July 2, 2021, District filed a request for issuance of writ of execution. Document 99. On July 6, 2021, the writ of execution was issued against Plaintiffs. Document 101.

---

[1] Importantly, the same declarations and the Christiansburg argument are again included in the current Motion (Document 105).

On July 15, 2021, Plaintiffs filed the current motion labeled as "Motion to Quash or Recall the Writ of Execution"; however, a majority of Plaintiff's motion included the <u>exact same</u> arguments and supporting declarations as the July 6 motion that was previously denied by this Court.  See Document 105, 105-1; compared to 102.  Both motions (July 6 and 15) contained *Christiansburg* discussion, fees being disallowed under the ADA, discussion of chilling effect, and supporting declarations.  *See* pages 6-9 of Document 105 and 105-1.  On July 16, 2021, the Court issued a notice of deficiency as to Plaintiffs' latest motion in that "incorrect document is attached to the docket entry."  Document 106.

As discussed below, the Court should deny Plaintiffs' latest motion as the motion is untimely, has previously been denied by this Court, has been filed for improper purposes, and lacks merit.  District is entitled to sanctions related to this motion.

### A. Plaintiffs' Motion is Untimely and Filed in Violation of District Local Rules

Pursuant to Local Rule ("L.R.") 7-3, prior to filing the current motion, Plaintiffs' counsel (Michael Stoller) was required meet and confer with District regarding the substance of the contemplated motion and any potential resolution at least seven days prior to the filing of the motion.  Opposing counsel was also required to include in the notice of motion the following statement: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."  Mr. Stoller met and conferred with District counsel on July 13, 2021, but then filed the subject motion <u>three</u> days later on July 16.  Ms. Stoller did not work towards a potential resolution prior to filing the motion.  Further, his current motion is missing the required notice of motion or statement.

Notwithstanding, District met and conferred with Mr. Stoller regarding his unmeritorious motion.  *See* Declaration of Shiva Stein ("Stein Decl."), Exhibits 1 and 2.  District offered a potential resolution (i.e., that once payment of the awarded

costs was made by Plaintiffs in full, District would enter a satisfaction of judgment and recall the writ of execution). Mr. Stoller never responded to District's offer, never confirmed that Plaintiffs would pay the awarded costs, and, instead, chose to file the current unnecessary motion to quash/recall.

Regardless, Plaintiffs' motion is also untimely under L.R. 54-2.2 and 54-2.5. Plaintiffs should have filed any objections to the District's application for costs within **14 days** of the filing (i.e., on or before May 20, 2021). The grounds for each objection must have been specifically stated. L.R. 54-2.2. Plaintiffs did not do so. Further, L.R. 54-2.5 required Plaintiffs (as the party seeking review of the Clerk's taxation of costs) to file and serve a motion to retax costs within **seven days** of clerk's decision (i.e., on or before June 29, 2021). Instead, at 11:16 p.m., Plaintiffs filed a request for extension of time to file motion to review costs and unilaterally filed the unauthorized and untimely motion to re-tax on July 6, 2021 (seven days late). **On July 8, 2021, the court denied Plaintiffs' motion.** Then, on July 15, 2021, ignoring this Court's prior order, Plaintiffs had the audacity to refile the same prior motion, adding additional arguments, now 16 days late.

This case has been closed since April 22, 2021; however, Plaintiffs have continued to unnecessarily attempt to litigate this case without authorization, without basis, and despite continued orders to pay the District the amount it is now owed. Given the untimely and duplicative nature of the current motion, and Plaintiffs' lack of respect for the Court's prior rulings, the District asks that the Court deny this motion outright. District further asks that Plaintiffs and their counsel be sanctioned for this conduct.

B.   **Defendants Are Entitled to Costs**

As discussed above, Plaintiffs missed their opportunity to object to or re-tax costs. They cannot now make arguments or provide evidence (declarations) that were not made in the record before the clerk (L.R. 54-2.5). The Court should not consider any of Plaintiffs' arguments contained on pages 6-9 of their motion and

should not consider the attached declarations. The Court may not consider this new evidence because review is limited to the record before the clerk (**there was no record submitted to the Clerk by Plaintiffs**). L.R. 54-2.5 and; *Jang v. Sagicor Life Ins. Co.,* 2019 WL 6434934, at 3 (C.D. Cal. Oct. 25, 2019). However, even if this Court considers Plaintiffs' arguments, the arguments fail on the merits.

Importantly, Federal Rule of Civil Procedure ("FRCP") 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The prevailing party is identified as the party in whose favor Judgment is entered. FRCP 54(d)(1). As a general matter, FRCP 54(d) creates, in favor of awarding costs to the prevailing party, a presumption "so strong that a court need not give affirmative reasons for awarding costs to the prevailing party . . . ." *Camfield v. Bd. of Trustees of Redondo Beach Unified Sch. Dist.*, 2:16-cv-02367, 2018 WL 910459, at *2 (C.D. Cal. Feb. 14, 2018); *see also Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1053 (9th Cir. 2009). Local Rules 54-3 through 54.5 specifically identify the taxable costs. Similarly California Code of Civil Procedure ("CCP") section 1032(4) also provides for the recovery of costs to the prevailing party. CCP § 1032(4)

In the case at hand, Plaintiffs claims in this matter centered around a breach of contract claim. Plaintiffs' retaliation claim was a duplication of the breach of contract claim as it relied on, and was dependent upon, the breach of contract claim being supported. See Document 90, page 3-- Court's order Granting District Motion for Summary Judgment. This Court found Plaintiffs' retaliation claims to be foreclosed by the 2014 valid and un-breached Settlement Agreement. Document 90, pages 5 and 7. District as a prevailing party is entitled to recoverable costs in cases alleging breach of contract. FRCP 54(d) and CCP § 1032(4). Plaintiffs have provided no discussion or authority to the contrary. Plaintiffs discussion of the *Christiansburg* standard and discussion of fees/costs "recoverable under the IDEA

and the ADA" are irrelevant.

Plaintiffs' arguments related to the financial condition of the parties or that an award of costs would have the chilling effect of discouraging advocacy are also without merit. Similarly, these arguments were not included in the record before the Clerk and should not be considered. L.R. 54-2.5 and; *Jang v. Sagicor Life Ins. Co.*, 2019 WL 6434934, at 3 (C.D. Cal. Oct. 25, 2019). Notwithstanding, Plaintiffs' arguments are based on inadmissible declarations, which include legal and factual conclusions, unsupported by documentation, contain hearsay, and lack foundation. Specifically Ms. Loof alleges that if the Court "saddle[s] our family with costs … it would have a chilling effect in future advocacy for our child's rights." Interestingly Ms. Loof made the same arguments in the related *S.L. v. Upland Unified School District* case (EDCV 18-2122 JGB (SHKx), which this Court found unconvincing. *See* Document 88 in related case EDCV 18-2122 JGB (SHKx). Notwithstanding, the prior costs awarded in the *S.L.* matter (in September of 2020) and the current matter have not stifled Plaintiffs' advocacy. In fact, the opposite has occurred. Ms. Loof has filed numerous actions and claims since that time. *See* recently filed federal court cases 5:21-cv-00556-JGB-SP and 5:21-cv-00326-JGB (KKx); also *see* threatening emails Ms. Loof has sent complaining about attorney Shiva Stein's conduct and seeking that "problems be addressed". Stein Decl., Exhibits 3-5.

In sum, the evidence does not support Plaintiffs' contention that a cost award will discourage "advocacy." Further, limited financial resources alone are insufficient to deny costs to a prevailing party. *Mosavi v. Mt. San Antonio Coll.*, 2018 WL 621986, at 4 (C.D. Cal. Nov. 15, 2018) (citing *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1080 (9th Circ. 1999). Finally, District's ability to pay their own costs is also an insufficient reason for the Court to deny costs. *Mformation Techs., Inc. v. Research in Motion Ltdl*, 2012 WL 6025746, at 2 (N.D. Cal. Dec. 4, 2012). The Court's prior award of costs to the prevailing District must stand and must be paid.

### C. Writ of Execution Was Not Improperly Issued; There Is No Basis to Quash or Recall

#### 1. This Court has had jurisdiction on this matter since 2019 and the costs awarded arose out of the underlying matter.

Plaintiffs' arguments seeking to quash or recall the properly issued writ lack merit. Plaintiffs argue, without any supporting authority, that this Court lacks jurisdiction to issue a writ of execution as related to an award of costs granted by the <u>same court that presided over the original action.</u> Plaintiffs' reliance on the *Hudson* and *Kokkonen* cases are misplaced. *Hudson* involved garnishment against a <u>third party</u> liable for payment of a judgment on an <u>independent legal</u> theory requiring <u>separate analysis</u>. *Hudson v. Coleman,* 347 F.3d 138 (6th Cir. 2003). *Kokkonen* involved settlement reached between the parties in the pending litigation where the Parties did not reserve the Court's jurisdiction to enforce the settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Our facts are different. In our case, this Court has had jurisdiction on this matter since February of 2019. In our matter, the parties did not reach a settlement; rather, District prevailed via judgment entered by this Court. The matter, the judgment, and the writ of execution involve the same parties (Plaintiffs and District). The writ of execution was issued as related to judgment in favor of the District with related costs determined and awarded by the same court. This Court had jurisdiction when it awarded costs and continues to have jurisdiction regarding recovery of said costs. Notwithstanding, L.R. 54-6 provides jurisdiction to the Court to issue a writ of execution to recover costs or fees awarded by the Court/Clerk following judgment.

#### 2. The writ is not premature.

Plaintiffs are correct that a writ of execution must be founded upon a valid and subsisting judgment that has not been satisfied. However, the portion of *Salvater* discussion Plaintiffs left out is that payment of a judgment satisfies it and extinguishes it. *Salveter v. Salveter*, 11 Cal. App. 2d 335, 337 (1936). Plaintiffs do

not dispute that a valid judgment has been entered by this Court in favor of Defendants. The judgment was entered over three months ago on April 22, 2021 (Document 91) and the Bill of Costs was entered by the Clerk over one month ago on June 22, 2021 (Document 93). It is undisputed that to date (over 30 days now), Plaintiffs have not paid any portion of the awarded costs; therefore, the judgment has not been satisfied and the writ is valid. *Salveter*, *supra*, 11 Cal. App. 2d at 337. Further, Plaintiffs motion will be rendered moot by the time the Court rules on this motion as according to Plaintiffs the payment is not due until August 8, but the hearing on this matter is scheduled after that date. District counsel met and conferred with Mr. Stoller indicating that if the payment were made, District would make all efforts to notify the court that judgment had been satisfied and withdraw the writ of execution. To date, Plaintiffs have still not made payment and, instead, filed this unnecessary motion.

Plaintiffs have provided no authority supporting their position that a writ must be filed 30 days after this Court's order denying Plaintiffs' request for extension of time to file a motion to re-tax costs. Document 104. To the contrary, L.R. 54-6 provides no specific timing required for the Clerk to issue the writ, except that the request must "follow" the judgment/award of costs. The rule provides, "The Clerk <u>shall</u>, upon request, issue a writ of execution to recover attorney's fees awarded by the Court <u>following</u> a judgment <u>and</u> any separate award of costs by the Clerk: (a) Upon presentation of a certified copy of the final judgment and separate Bill of Costs …." (emphasis added). The writ in our case <u>followed</u> the judgment and the award of costs and, thus, was properly issued.

### 3. Due process does not afford Plaintiffs yet another opportunity to challenge the writ.

Due process of law does not require that a judgment debtor (Plaintiffs), who had their day in court before the judgment was rendered, shall be given additional notice and opportunity to be heard before issuance of a garnishment to satisfy the

1  judgment.  *Endicott-Johnson Corp. v. Encyclopedia Press*, 266 U.S. (1924).  In
2  *Endicott,* the United States Supreme Court considered the issue of whether a post-
3  judgment garnishment procedure, available to a judgment creditor without further
4  notice of hearing to a judgment debtor, was violative of the due process of law.  The
5  *Endicott* court held that due process did not require that notice and opportunity for
6  hearing be afforded a judgment debtor before post-judgment garnishment was
7  effectuated.  *Endicott* has not been overruled.  *See Moya v. DeBaca*, 286 F. Supp.
8  606, 608 (D.N.M. 1968), app. dism. per curiam, 395 U.S. 825.

9   Similarly, the *Moya* Court found that the judgment debtor had already been
10 provided with notice and an opportunity to be heard in the proceeding that resulted
11 in the judgment against him.  The *Moya* Court reasoned it may be observed, the
12 Plaintiffs here had actual notice of the garnishment, were represented by counsel,
13 and made no attempt to claim their exemptions.  *Moya*, *supra*, 286 F. Supp. at 608.

14  In our case, for all relevant time periods, Plaintiffs have been represented by
15 counsel (Mr. Stoller).  Plaintiffs and their counsel have been electronically served
16 with all judgement and cost-related documents via this Court's filing system.
17 Plaintiffs had the opportunity to object to the cost bill on or before May 20, 2021—
18 but they chose not to.  Plaintiffs had the opportunity to file a motion to re-tax costs
19 on or before June 29, 2021—but they chose not to.  Similar to the *Moya* case,
20 Plaintiffs have been provided with notice and opportunity to be heard, but chose to
21 sit on their rights.  Contrary to Plaintiffs unsupported claims, they are not entitled to
22 another opportunity to challenge the writ

23  Finally, even if Plaintiffs are entitled to a stay of enforcement (which they are
24 not), they were required to post a sufficient supersedeas bond or other security
25 (which they have not).  *See* FRCP 62(b).
26 / / /
27 / / /
28 / / /

### D. District Requests Sanctions for Having to Oppose Plaintiffs' Duplicative, Previously Denied, Untimely, Improper, and Frivolously Filed Motion.

For all of the reasons discussed above and in the attached Declaration of Stein, clearly Plaintiffs motion was unnecessary and filed for an improper purpose. District is entitled to monetary sanctions as provided in numerous statutes and Local Rules. This Court has authority to award sanctions and should do so.

Section 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Ninth Circuit has clarified that a finding of "recklessness" is sufficient to justify the imposition of sanctions under section 1927. *See B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) (citing *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)). Moreover, sanctions under section 1927 may be imposed where a party repeats arguments that have been previously rejected by the court. *Wages v. I.R.S.*, 915 F.2d 1230, 1235–36 (9th Cir. 1990).

Courts also have the inherent power to sanction conduct because they are "vested, by their very creation, with the power to impose silence, response, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-45 (1991). However, only "conduct that is 'tantamount to bad faith' is sanctionable" pursuant to this power. *See B.K.B.*, *supra*, 276 F.3d at 1108 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752,767 (1980). A party acts in bad faith when it "knowingly or recklessly raises a frivolous Argument …" *Primus Auto. Fin. Serv., Inc. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997). An action is frivolous if it lacks an arguable basis in law or in fact, though it need not be brought in bad faith. *See Schutts v. Bently Nevada Corp.*, 966

F. Supp. 1549, 1557 (1997). Even where plaintiff is unaware at the commencement of the suit that the claim is frivolous, he may be liable for attorney fees if he continues to litigate after it becomes clear that the action lacks factual substance. *Id*.

Sanctions are also appropriate for Plaintiffs' failure to comply with this Court's local rules and for filing the original motion (Document 102) without Court authority and the "renewed" motion (Document 105) in spite of Court's prior denial. *See Figueroa v. Gates*, 2002 WL 31572968, at *3 (C.D. Cal., Nov. 15, 2002, No. CV00-4158ABC (BQRX); L.R. 37-4; and L.R. 83-7.

Sanctions are also appropriate under L.R. 7-13 for Plaintiffs' untimely filing. Specifically, L.R. 7-13 provides:

> L.R. 7-13 Sanctions for Late Filing. A party filing any document in support of, or in opposition to, any motion noticed for hearing as above provided after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7.

L.R. 83-7 provides:

> The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

Sanctions are also appropriate under L.R. 11-9 for Plaintiffs' presentation of a frivolous motion to this Court.

As to the issue of sanctions, Plaintiffs have the burden to demonstrate that their position to file the current motion to quash was substantially justified. *Lorrillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (N.D.Ill. 2009).

In the case at hand, the Court entered judgment in District's favor many months ago. This case has been closed since April of 2021. Despite this, Plaintiffs continue to unnecessarily litigate this matter having filed three separate untimely

motions in the past 30 days—which District has had to respond to at great cost.

The bottom line remains that Plaintiffs have tried to avoid paying costs that have been lawfully claimed and assessed by this Court. Plaintiffs' missed deadlines to oppose the bill of costs in this case, then attempted to request an extension of time and filed an unauthorized motion in order to request that the Court review the Clerk's action on the bill of costs. The Court considered and rejected Plaintiffs' request for an extension of time and request for review. Ignoring this Court's final order, Plaintiffs filed the instant motion, raising the same issues that were cited in the request for an extension. Even if Plaintiffs were not aware of the improper purpose of their motions when initially filed, they certainly were made aware following District's meet and confer communications. Defense counsel informed Mr. Stoller, on multiple occasions, that Plaintiffs' current motion was frivolous and being filed for an improper purpose to harass and disrupt District and needlessly increase the cost of litigation. District reminded Mr. Stoller that he could not repeatedly reassert this claim after it has already been denied by the Court. District reminded Ms. Stoller that the issue could be resolved if Plaintiffs simply made payment. Nevertheless, Plaintiffs proceeded, knowingly and recklessly, to reassert the same arguments to avoid paying the costs that have been lawfully awarded to the District. This knowing or reckless conduct meets the subjective standard necessary to find violation of 28 U.S.C. § 1927 the various Local Rules cited above. Indeed, similar to *Wages*, Plaintiffs evidence *bad faith* by insisting upon proceeding in this motion, which does not materially differ from one that the Court had already rejected in awarding costs to the District. Plaintiffs and their counsel have thus unreasonably and vexatiously multiplied litigation, wasting judicial and public resources, for which they should be sanctioned.

In closing, it is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such

litigation. It is the intent of this rule to augment the inherent power of the Court to control vexatious litigation and nothing in this rule shall be construed to limit the Court's inherent power in that regard. L.R. 83-8.1. Based on all the above and the Court's awareness of the history involving these particular Plaintiffs, District asks for total sanctions in the amount of $5423.00 for related attorney fees.

## II. CONCLUSION

District respectfully requests that Plaintiffs' motion be denied, additional sanctions be imposed, and that this Court admonish Plaintiffs to make payment of the amount of costs taxed and owed to the District as well as payment of the additional Court-ordered sanctions.

DATED: July 26, 2021   FAGEN FRIEDMAN & FULFROST, LLP

By: _____
Shiva E. Stein
Attorneys for UPLAND UNIFIED SCHOOL DISTRICT

180-195/6148560.1