Michael T. Stoller, Esq., (Bar No. 120241)
LIBERTY LAW GROUP
7215 Canby Avenue
Reseda, California 91335
Telephone:  310-245-4028
Email:  michael.stoller@stollerlawgroup.com

Attorney for Plaintiffs
RITA LOOF, RENE LOOF,
AND RACHEL LOOF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA LOOF, RENE LOOF, AND RACHEL LOOF,<br><br>                    Plaintiffs,<br><br>v.<br><br>UPLAND UNIFIED SCHOOL DISTRICT,<br>                    Defendant. | Case No.  5:19-cv-00245-JGB-KK<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS**<br><br>Judge:        Hon. Jesus G. Bernal<br>Hearing Date: August 16, 2021<br>Hearing Time: 9:00<br>Location:      Courtroom 1<br>3470 Twelfth Street<br>Riverside, California 92501 |

# TABLE OF CONTENTS

I. Introduction……………………………………………………..………...6

II. Award of costs in this case is improper, so the Writ must be recalled………..6

   A. Either this is a civil rights case, so that *Christiansburg* applies, or this
      Court lacks federal question jurisdiction and must dismiss the case……...6
     1. If this is a simple breach of contract case, as Defendant's opposition
        asserts, then it does not belong in this Court, so that his Court
        has no jurisdiction to hear the case, tax costs, or issue the Writ…....…6
     2. If this Court does have jurisdiction, as Plaintiffs believe it does,
        that can only be as a civil rights case, and then *R.P.* and *Green*
        establish that *Christiansburg* applies……………………………...…..8

   B. The Ninth Circuit rejects Defendant's position, holding that awarding
      costs contrary to *Christiansburg* in civil rights cases will chill advocacy
      and deter the pursuit of meritorious cases………………………….…9

III.  The motion for sanctions must be denied………..……………………...……10

   A. Plaintiffs' motion is not frivolous, because they are entitled to relief if
      believed by the fact-finder, and so have certainly not litigated for an
      improper purpose ………....……………………………………………10

   B. Plaintiffs' motion was in no way improper but a valid exercise of their
      right to contest the Writ, as provided in state law with which FRCP 69
      mandates compliance………………………………………………………13

   C. Defendant has made no showing of recklessness, or bad faith…….…....14

   D. Defendant has actually shown, through its cited authority,
      that there is no basis for sanctions………………………….……………15

E. The Court has discretion, in the interest of justice. to excuse missed timelines that have not significantly prejudiced the other party, so as to rule on the merits………………………………………….………..16

IV. Conclusion……………………………….…………………………....…17

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR
RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS

# TABLE OF AUTHORITIES

**Federal Cases**

*B.K.B. v. Maui Police Dept,.*
276 F.3d 1091 (9th Cir. 2002)...............................................…......................15

*Christiansburg Garment Co. v. EEOC,*
434 U.S.412 (1978)…………………………..…..….………6, 7, 8, 9, 10, 12, 16, 18

*Endicott-Johnson Corp. v. Encyclopedia Press,*
266 U.S. (1924)……………………..…………..….……………………………10

*Green v Mercy Housing,*
Case Nos. 20-15134 (9th Cir. March 19, 2021)………..…..…....……7, 8, 9, 10

*Hudson v. Coleman,*
347 F.3d 138 (6th Cir. 2003)…………………………………..….……………11

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
511 U.S. 375, 377 (1994)………………………..……….……..……………11, 12

*Peacock v. Thomas,*
516 U.S. 349 (1996)…………………………………….…………………………13

*Pincay v Andrews,*
389 F.3d 853 (9th Cir. 2004) (en banc) (*Pincay II)*…………………………....17

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,*
507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)…………………………..17

*R.P. v Prescott Unified School District,*
631 F.3d 1117 (9th Cir. 2011)…………………….………….…………….….8

*Sniadach v. Family Finance Corp.,*
395 U.S. 337 (1969)…………………………………………………...……10, 11

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR
RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS

*Soules v Kauaians for Nukolii Campaign Committee*,
549 F,2d 1176 (9th Circuit 1988)……………………………………………..14

**California Cases**

*Randone v. Appellate Department*,
5 Cal. 3d 537 (1971)………………………………………...……….…… 10, 11

**Federal Statutes**

Federal Rule of Appellate Procedure (FRAP) 4(a)(1)…………………………..17

Federal Rule of Civil Procedure (FRCP) 12(h)(3)…………………...…………7

Federal Rule of Civil Procedure (FRCP) 54(d)…...…………………..………...11

Federal Rule of Civil Procedure (FRCP) 54(d)(1)..…………..…...………...6, 7, 8

Federal Rule of Civil Procedure (FRCP) 69………………………...10, 11, 13, 14

Local Rule (L.R.) 54-2……………………………………………...……....11

Local Rule (L.R.) 83-7…………………………………………………….15

Local Rule (L.R.) 83-8.1…………………………………………………...16


**California Statutes**

Code of Civil Procedure 492.010………………………...……………………..14

Code of Civil Procedure 492.050(a)……………………………….……13

Code of Civil Procedure 492.050(c)……………………………….……14

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR
RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS

# I.  INTRODUCTION.

In order to garner sanctions, Defendant's opposition charges that Plaintiffs' Motion to Quash or Recall Writ of Execution was procedurally and substantively improper and filed in bad faith.  But nowhere does Defendant contend that the pending motion was untimely.  Although there was a filing deficiency where the notice was inadvertently not filed, that notice showed compliance with L.R. 7-3, as set forth in the declaration of Michael T.  Stoller.

Counsel did in fact try to meet and confer.   The email exchange attached to the Stoller declaration to that effect demonstrates that Defendant counsel's accusation that L.R. 7-3 was violated is improper and falsely maligns Plaintiff before the Court.  The procedural rhetoric of Defendant's opposition fails to refute the authority raised in Plaintiffs' motion showing that in this ADA case, Defendant may not be awarded costs, and Plaintiffs' relief should be granted.

# II.  AWARD OF COSTS IN THIS CASE IS IMPROPER, SO THE WRIT MUST BE RECALLED.

**A.  Either this is a civil rights case, so that *Christiansburg* applies, or this Court lacks federal question jurisdiction and must dismiss the case.**

**1.  If this is a simple breach of contract case, as Defendant's opposition asserts, then it does not belong in this Court, so that this Court has no jurisdiction to hear the case, tax costs, or issue the Writ.**

On page 9[1], Defendant argues in the bottom paragraph that this in fact a mere breach of contract claim, to which an ADA retaliation claim is appended and which depends on the breach of contract claim.  Accordingly, Defendant seems to argue, the ADA does not figure in the case.

Accordingly, Defendant's opposition quotes FRCP 54(d)(1) in support of its claim for costs as follows, "Unless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party."

But the ADA is a federal statute that *does* provide otherwise.  As Plaintiff's motion documents, the Ninth Circuit has clearly held that the ADA treats fees and costs the same under the *Christiansburg* standard.  As Plaintiffs' motion documented, the Ninth Circuit wrote in *Green v Mercy Housing,* Case Nos. 20-15134 (9th Cir. March 19, 2021) that:

> In *Brown*, we held that the ADA's statutory text "**makes fees and costs parallel**," and that the *Christiansburg* standard therefore **applies equally to both**." [bold added]

Thus FRCP 54(d)(1) actually refutes Defendant's argument, if it is an ADA case.  Here, Defendant seems to argue that it is entitled to costs because this is not really an ADA case.  But if it is not, then there is no federal question, and hence no federal jurisdiction.  As FRCP 12(h)(3) states, "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." [emphasis added]

---

[1]Plaintiff uses the PACER numbering.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR
RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS

Defendant can't have it both ways.  If this is only a breach of contract claim, and the ADA retaliation claim is for some reason not relevant, then it is not a federal question, and the case does not belong in this court, so that this Court has no jurisdiction to award costs.  If this Court does have jurisdiction, then it can only be an ADA case, and costs are just as disallowed as fees are, under the *Christiansburg* standard.

**2.  If this Court does have jurisdiction, as Plaintiffs believe it does, that can only be as a civil rights case, and then *R.P.* and *Green* establish that *Christiansburg* applies.**

As already argued in Plaintiffs' motion, the Ninth Circuit held in *Green v Mercy Housing*, Case Nos. 20-15134 (9th Cir. March 19, 2021), that:

> [] *Christiansburg* applies to the award of both fees and costs to a prevailing defendant under the ADA. See *Brown*, 246 F.3d at 1190. The ADA's fee-shifting provision states that a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. In *Brown*, we held that the ADA's statutory text "makes fees and costs parallel," and that the *Christiansburg* standard therefore applies equally to both. 246 F.3d at 1190.

Defendant concedes that it is not entitled to fees in the underlying case, and so did not ask for them.  If that is true, then neither, under the ADA, is it entitled to costs.  The exception in FRCP 54(d)(1) holds: "**Unless a federal statute**, these rules, or a court order provides otherwise costs— other than attorney's fees—

should be allowed to the prevailing party." [bold added]  The ADA does provide otherwise – that the prevailing defendant should be awarded neither fees nor costs.

**B.  The Ninth Circuit rejects Defendant's position, holding that awarding costs contrary to *Christiansburg* in civil rights cases will chill advocacy and deter the pursuit of meritorious cases.**

Defendant argues that awarding costs in a civil rights case does not chill advocacy or the filing or meritorious cases because Ms. Loof has pressed on anyway.  One might as well argue that firing or beating up workers for union organizing does not deter union organizing, because here is someone who was fired or beaten up who just the same continues his union activity.

The Ninth Circuit disposed of this argument in *Green v Mercy Housing*:

> As this case illustrates, the danger of chilling civil rights enforcement identified in *Christiansburg* and *Mitchell*— both Title VII cases—is equally present in the Fair Housing context. Here, the plaintiff, Rodney Green, was taxed costs amounting to nearly $6,000 following the grant of summary judgment to his former landlord. Green, who maintains that he was subjected to racial harassment and disability-based discrimination by Mercy Housing, was ultimately evicted from his East Leland Court home for nonpayment of rent. When he filed this suit, in August of 2018, he owed Mercy Housing $3,417.00. We do not now pass judgment on the merits of Green's underlying action. But it does not require much imagination to see how a similarly situated plaintiff, already struggling to cover his expenses, might choose to forego the risk of incurring costs equal to several months' worth of rent to pursue even the strongest of claims against a discriminatory landlord.

Here, to be sure, Rita Loof has not been deterred.  But most of the parents that submitted declarations would, like Rodney Green, find a $10,000 award of costs disastrous.  It cannot be doubted that such an award will have a chilling effect on the pursuit of meritorious claims by such parents and many others like them – many of whom are less than $10,000 away from the street.

Awarding costs to a government agency in civil rights cases when parents do not prevail would set a dangerous precedent and discourage parents from pursuing meritorious legal remedies for their children – precisely the result that the *Green* court, like the U.S. Supreme Court in *Christiansburg*, wished to preclude.

## III.  THE MOTION FOR SANCTIONS MUST BE DENIED.

**A.  Plaintiffs' motion is not frivolous, because they are entitled to relief if believed by the fact-finder, and so have certainly not litigated for an improper purpose.**

Plaintiffs have raised a number of important arguments in their motion for quashing the Writ, not least that it violates the *Christiansburg* standard.  Despite Defendant's claim that this court had jurisdiction over the underlying matter, it has not shown that it has the same jurisdiction to award costs in light of FRCP 69, which requires compliance with state due process procedures in light of *Sniadach v. Family Finance Corp., 395 U.S. 337 (1969)* and *Randone v. Appellate Department*, 5 Cal. 3d 537 (1971).  Instead, Defendant relies on *Endicott-Johnson Corp. v. Encyclopedia Press*, 266 U.S. (1924), stating that is has not been

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR
RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS

overruled.  But it has been, by *Sniadach*, and by *Randone,* which under FRCP 69 are controlling authority.

Defendant conflates the Application for Costs with the Writ of Execution.  But they differ.  Defendant filed its Application for Costs on the basis of Local Rule 54-2 (FRCP 54(d); Bill of Costs) - which to be sure does carry the exception for federal statutes, in this case the ADA.

In contrast, Writs of Executions are a different type of post-judgment proceeding, governed by FRCP 69. The Writ of Execution was a new, unwarranted action initiated by Defendant arguing that Plaintiffs were delinquent in paying $10,925.24 in costs allegedly owed to Defendant immediately.  The due date of the payment was clarified by the Court's order of 7/8/21 (Dkt. No. 104) which made it clear that payment was not due immediately.

It remains that FRCP 69 does not itself independently confer subject matter jurisdiction on the federal courts over all garnishment proceedings related to a federal judgment. *Hudson v. Coleman*, 347 F.3d 138 (6th Cir. 2003). Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests with the party seeking to invoke it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Defendant asserts that these case are distinguishable, but does not explain how the distinctions it alleges are relevant.  It remains that such a garnishment procedure must comply with the state due process requirements, as stated in FRCP 69, and required also by *Sniadach* and *Randone*. There is nothing frivolous, reckless, duplicative, or otherwise improper about making these arguments – especially for the first time in Plaintiffs' motion.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR
RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS

This Court is still called upon to be sensitive to the possibility that ancillary enforcement jurisdiction may not exist. That sensitivity is highlighted by the Supreme Court's caution that "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen*, 511 U.S. at 377. If that dispute is not factually intertwined with the facts of the main case on which federal jurisdiction is premised, or injects new legal theories that were distinct from those in the underlying action – both true here – then federal courts must find an independent basis upon which to exercise subject matter jurisdiction.

In few words, the *Kokkonen* Court reversed the holdings of the district court and the Ninth Circuit that the federal courts had ancillary jurisdiction, based on their inherent power, to enforce the breached settlement agreement.  In this case, too, it remains that the question of fees and costs is a separate question from those addressed in the underlying action, and Defendant had the duty to demonstrate federal jurisdiction over this new claim for costs, showing, among other things, how intertwined the question of costs is with the original decision, and how the *Christiansburg* standard does not bar this award.  Having the duty to demonstrate such ancillary jurisdiction in this case, Defendant did not, and so the limited jurisdiction of this Court to order the payment of these costs was never established. Defendant has simply not met its burden of establishing that this Court has jurisdiction regarding the award of costs.

This is especially true because Defendant has questioned the applicability of the ADA, and hence the *Christiansburg* standard, and if Defendant's argument prevails, then there is no federal question and the Court has no jurisdiction at all.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR
RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS

Indeed, the Writ of Execution – a pre-garnishment action – pressed here by Defendant can be characterized as nothing other than a "proceeding] that [is] '"entirely new and original,"' [] where 'the relief [sought is] of a different kind or on a different principle' than that of the prior decree." *Peacock v. Thomas*, 516 U.S. 349 (1996). Consequently, there is no ancillary jurisdiction to entertain it.

The July 8, 2021 order from this Court did not address any of these issues. Defendant claims that a majority of Plaintiff's Opposition to Quash the Writ included the exact same arguments and supporting declarations as the July 6 motion that was "previously denied by this Court". Defendant seems to erroneously assume that since the Court issued an order for costs and denied Plaintiffs' request for additional time as related to the Application for Costs, the Writ of Execution issues have somehow been adjudicated.  They have not been.

**B.  Plaintiffs' motion was in no way improper but a valid exercise of their right to contest the Writ, as provided in state law with which FRCP 69 mandates compliance.**

Plaintiffs did not unreasonably multiply proceedings; they are for the first time contesting the Writ.  Plaintiffs are exercising their rights to defend against District's Writ of Execution, as provided by California Code of Civil Procedure 492.050 (a) which states:

> Any defendant whose property has been attached pursuant to a writ issued under this chapter may apply for an order that the right to attach order be set aside, the writ of attachment quashed, and any property levied upon pursuant

to the writ released.   Such application shall be made by filing with the court and serving on the plaintiff a notice of motion.

FRCP 69 requires the federal courts to comply with this and other state due process requirements.

California Code of Civil Procedure § 492.050 (c) provides:

> If the defendant has filed a general appearance in the action, the right to attach order shall be set aside unless the plaintiff shows that his right to attach is authorized by a provision other than Section 492.010.

Here, Defendant (who for the purpose of Code of Civil Procedure § 492.050(c) is the plaintiff) has not cited any provisions to support its alleged right to attach, and the Loof family has a right under state law to request that the order be set aside.  The Loof family has an interest in protecting their property and so are substantially justified in filing the current motion to quash.

## C.  Defendant has made no showing of recklessness or bad faith.

Recklessness requires much more than mere negligence: it is a gross deviation from what a reasonable person would do.  The Ninth Circuit rejected sanctions under 28 U.S.C. 1927 in *Soules v Kauaians for Nukolii Campaign Committee*, 549 F,2d 1176 (9th Circuit 1988), holding that the district court erred because appellants, although dead wrong, had not shown bad faith.

There has been no showing of bad faith here, or of recklessness.  There has been no disobedience to the Court's orders in this matter, because there have not been any.

**D.  Defendant has actually shown, through its cited authority, that there is no basis for sanctions.**

*B.K.B. v. Maui Police Dept.,* 276 F.3d 1091 (9th Cir. 2002), certainly shows that sanctions can be deserved.  But it proves nothing about this case, because nothing like the conscience-shocking behavior in *B.K.B.* occurred in this case.

There, County counsel misled the judge to the effect that he wasn't going to drag allegations of B.K.B.'s sexual history into his questioning, and then he promptly did so in front of the jury, thereby eventually forcing a new trial.

In Defendant's argument starting at page 14, all roads lead to L.R. 83-7, which Defendant quotes in full.  There we learn that L.R. 83-7 actually excludes sanctions except for conduct that is "willful, grossly negligent, or reckless," or which "rises to the level of bad faith and/or a willful disobedience to a court order."

Defendant does not enumerate any willful disobedience to a court order, because there is none. Defendant asserts that Plaintiff repeats arguments already rejected by the Court, but does not enumerate any, because there are none.

Defendant rightly states that Plaintiff lost the underlying case, but none of the litigation since has anything to do with that.  It relates to Defendant's effort to be awarded fees in a civil rights case that no one disputes Plaintiffs lost.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR
RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS

That is a wholly different question, and there is nothing improper, no relitigation of settled issues, in litigating the issue of costs being awarded contrary to the *Christiansburg* standard.

Defendant cites L.R. 83-8.1 regarding vexatious litigation, but neglects to demonstrate that it applies to Plaintiffs, which it does not.  Defendant makes conclusory accusations, but does not show that any of Plaintiffs' motions are frivolous – specifically this Plaintiffs' current motion, against which it seeks sanctions.

Similarly, Defendant asserts that Plaintiffs attorney did not meet and confer as required by L. R. 7-3.  That is factually false., as his declaration will show.

**E.  The Court has discretion, in the interest of justice. to excuse missed timelines that have not significantly prejudiced the other party, so as to rule on the merits.**

Timelines should be complied with, and Plaintiffs have sometimes failed to do so.  Most serious was undoubtedly completely failing to notice the taxation of costs filed on May 6, 2021, and therefore failing to object to it.   But the Court is well within its discretion to excuse these as it may find appropriate, because the purpose of the timelines is to promote good order and avoid needless delays.  They are not intended as devices for opposing parties to use to keep matters from being decided on the merits.

For the last 18 months the world has been dealing with a pandemic which closed the courts. The public was told to shutter at home and work remotely. Plaintiffs' counsel did not enter this case until December 10, 2020, and as set forth

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR
RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS

in the Stoller declaration, for the last several months he lost his secretary to her family medical emergencies which culminated in the loss of her father. .Timelines should not be missed, but in the present circumstances it is reasonable for the court to show even more leniency, so as decide matters on the merits.

In *Pincay v Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc) (*Pincay II*), this Court held that a paralegal's failure to read correctly the plain language of FRAP 4(a)(1) was excusable neglect.

The en banc court in *Pincay II* applied the 4-part test for excusable neglect stated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). These are "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith. 507 U.S. at 395, 113 S.Ct. 1489."

There, this Court found no prejudice to the non-movant in a 25-day delay. There is no prejudice here to Defendant if this Court considers Plaintiff's papers on the merits.

Like the en banc *Pincay II* court, this Court has discretion to find excusable neglect.  Here as in *Pincay II*, there is no evidence of bad faith.

## IV.  CONCLUSION

The Court should recall or quash the Writ of Execution, because it was improperly issued without establishing jurisdiction or complying with state due

17

process requirements; because there is no federal question and thus no jurisdiction if it is a mere breach of contract claim not implicating federal civil rights law; and because if there *is* a federal question under the ADA – as Plaintiffs believe – the award of costs is excluded in this ADA case under *Christiansburg*.

The motion for sanctions should be denied because Defendant has not established bad faith or recklessness; has not supported and cannot support its conclusory allegations of duplicative, reckless, or frivolous litigation; and has not supported its conclusory allegations of willful disobedience to any court order.

The most that Defendant has established is excusable neglect, which is no basis for sanctions. Sanctions are designed to deter willful misconduct, not as a tool for any party to intimidate a party making good-faith arguments, even if they should later prove to be without merit.

Dated: August 7, 2021        LIBERTY LAW GROUP

                             By: /s/  *Michael T. Stoller*

                             MICHAEL. T. STOLLER
                             Attorney for Plaintiffs

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THEIR MOTION TO QUASH OR
RECALL WRIT OF EXECUTION; OPPOSITION TO MOTION FOR SANCTIONS

DECLARATION OF MICHAEL STOLLER, ESQ.

I, Michael Stoller, declare as follows:

1.  I am an attorney duly licensed to practice in the state of California and before this Court and the attorney of record for Plaintiff in this matter and am familiar with the contents herein and if called and duly sworn, could competently testify to the same.

2.  Although there was a filing deficiency where the notice was inadvertently not filed that showed compliance with LR7-3, on July 14, 2021, I did in fact attempt to meet and confer and sent an email the explained among other things that costs are not allowable in IDEA cases, the Writ failed to comply with state requirements as required by Rule 69 and jurisdiction was not established and therefore in issue. Defendant counsel's response was that our claims were without merit, harassing and a waste of time and that she would seek attorney fees to any future motion. True and correct copies of the email exchange is attached as Exhibit A.

3.  At the time the present motion was filed I had also prepared a notice which advised that counsel had attempted to meet and confer pursuant to LR7-3, a true and correct copy of which is attached as Exhibit B.

4.  I did not enter this case until December 10, 2020, and Defendant counsel's recitation of the history of the case and my involvement is overreaching and inaccurate. I filed for 2 timely extensions, the first on December 11, 2020 the day after the court granted my application to become counsel and the second on June 29,2021 where I requested a 7 day extension to file a motion to set aside the clerks order taxing costs (which motion was filed on July 6, 2021 prior to the court ruling), because for the last several months I lost my secretary to her family medical emergencies which culminated in the loss of her father.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and executed this 6th day of August, 2021.

Dated: August 6, 2021                    STOLLER LAW GROUP, PC


                                         Michael Stoller
                                         Attorney for Plaintiffs

**EXHIBIT A**



Michael Stoller <michael.stoller@stollerlawgroup.com>

---

## RE: Re: 1900245 RL v UUSD- Writ of Execution suggested meet and confer letter
1 message

---

**Shiva Stein** <sstein@f3law.com>
To: "Michael T. Stoller, Esq. | Stoller Law Group" <michael.stoller@stollerlawgroup.com>
Cc: Brandon Lallande <blallande@f3law.com>, Becky Kirby <bkirby@f3law.com>

Fri, Jul 16, 2021 at 8:13 AM

Michael, as I offered before, if your client simply pays the judgment, I will inform the court that the judgment has been satisfied and work to recall the writ of execution.

Let me know your plan in this regard.  Thank you

Shiva


Fagen Friedman & Fulfrost LLP

# Shiva Stein
Direct: (760) 304-6034
Email: sstein@f3law.com | Web: www.f3law.com
Please consider the environment before printing this email.

CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail communication and any attachment(s) may contain information that is confidential and/or privileged by law and is meant solely for the intended recipient(s).  Unauthorized use, review, duplication, disclosure or interception of this e-mail is strictly prohibited and may violate applicable laws including the Electronic Communications Privacy Act.  If you received this e-mail in error please notify us immediately of the error by return e-mail and please delete this message and any attachment(s) from your system. Thank you in advance for your cooperation.

**From:** Shiva Stein
**Sent:** Friday, July 16, 2021 8:03 AM
**To:** Michael T. Stoller, Esq. | Stoller Law Group <michael.stoller@stollerlawgroup.com>
**Cc:** Brandon Lallande <blallande@f3law.com>; Becky Kirby <bkirby@f3law.com>
**Subject:** RE: Re: 1900245 RL v UUSD- Writ of Execution suggested meet and confer letter

Michael

It would benefit you to review the complaint in this matter.  Your client filed a breach of contract claim.  Last time I checked costs are recoverable to a prevailing party on a breach of contract claim.  Regardless costs are also recoverable in Federal Court even under IDEA related claims.  The Loofs had plenty of opportunity to be heard and missed all the timelines.  The Court had  jurisdiction to hear the matter (as evidenced by the Court's numerous rulings in this matter). The Court continues to have jurisdiction.

Your claims are without merit, harassing and a waste of my time and the Courts.  I will seek  attorney fees on District's behalf  for having to respond to any such future motion to quash or recall, especially when you have already filed such motions which were considered and denied by this court.    Consider this my meet and confer to recover future attorney fees as the prevailing defendant against plaintiffs and their counsel.   You and your clients  are hereby put on notice as to the  frivolous, unreasonable, harassing and unreasonable nature of your motion.  I suggest you withdraw your recently filed motion.

Shiva



## Shiva Stein

Direct: (760) 304-6034
Email: sstein@f3law.com | Web: www.f3law.com
Please consider the environment before printing this email.

**From:** Michael T. Stoller, Esq. | Stoller Law Group <michael.stoller@stollerlawgroup.com>
**Sent:** Wednesday, July 14, 2021 11:48 PM
**To:** Shiva Stein <sstein@f3law.com>
**Cc:** Rita Loof <rml93@verizon.net>; Peter Attwood <peter.attwood@hotmail.com>
**Subject:** Fwd: Re: 1900245 RL v UUSD- Writ of Execution suggested meet and confer letter


**EXTERNAL EMAIL**


Good afternoon Ms. Stein,
This is our meet and confer letter before we file our motion to quash or recall the Writ of Execution requested by you and issued by the clerk.

Our principal points are that:

1. Such costs are not available in IDEA case, barred just like fees, which you rightly did not ask for.

2. The Writ did not comply with California state requirements, as required by Rule 69, including that the Loofs should be heard.

3. You did not establish the court's jurisdiction, which is not automatically conferred by Rule 69.


The issue here is quite different from those settled in the underlying case.  There is nothing frivolous about any of our motions, and especially this one.
We suggest that you withdraw your request for payment of costs, since you are not entitled to them in civil rights cases like this one.  I am available to discuss this matter this afternoon or evening.


Regards,
Michael T. Stoller


--

Michael T. Stoller, Esq.
STOLLER LAW GROUP
5747 Hoback Glen Road
Calabasas, California 91302
Tel: 310-245-4028

The contents of this e-mail and its attachments are intended for the sole use of the intended addressee(s) named herein and may contain CONFIDENTIAL INFORMATION which is PROTECTED BY LAW FROM DISCLOSURE.  If you are not an intended recipient, or

the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that reading, copying, forwarding, disseminating and/or distributing this e-mail is strictly prohibited without the express permission of the sender and inadvertent delivery of this message to an unintended recipient is not intended to waive any privilege or confidentiality. If you have received this e-mail in error, please alert the sender by reply e-mail and immediately delete this e-mail, its attachments, and all copies. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

IRS CIRCULAR 230 DISCLOSURE: In order to comply with the Internal Revenue Code, you are hereby informed that any U.S. tax advice contained in, omitted from, or implied by this email (including any attachments) is not intended to be used and cannot be used, to (i) avoid penalties under the Internal Revenue Code or (ii) promote, market, or recommend to another party any transaction or matter addressed herein.

**EXHIBIT B**

Michael T. Stoller, Esq., (Bar No. 120241)
LIBERTY LAW GROUP
7215 Canby Avenue
Reseda, California 91335
Telephone:  310-245-4028
Email:  michael.stoller@stollerlawgroup.com

Attorney for Plaintiffs
RITA LOOF, RENE LOOF,
AND RACHEL LOOF

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA LOOF, RENE LOOF, AND RACHEL LOOF,<br><br>               Plaintiffs,<br><br>v.<br><br>UPLAND UNIFIED SCHOOL DISTRICT,<br>               Defendant. | Case No.  5:19-cv-00245-JGB-KK<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO QUASH OR RECALL WRIT OF EXECUTION**<br><br>Judge:      Hon. Jesus G. Bernal<br>Hearing Date: August 16, 2021<br>Hearing Time: 9:00<br>Location:      Courtroom 1<br>3470 Twelfth Street<br>Riverside, California 92501 |

1
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO QUASH OR RECALL WRIT OF
EXECUTION

**TO:  DEFENDANT UPLAND UNIFIED SCHOOL District,**

      **AND ITS ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE THAT** on August 16, 2021, at 9:00 AM, or as soon thereafter as the matter may be heard in Department 1 of the above titled court located at the Edward R. Roybal U.S. Courthouse, 3470 Twelfth Street, Courtroom 1, Riverside, California 92501, Plaintiffs Rita Loof, Rene Loof, and Rachel Loof will move the Court for an order granting Plaintiffs' Motion to quash or recall the Writ of Execution to enforce collection of costs issued July 8, 2021.

    Counsel for Plaintiffs, in compliance with Local Rule 7-3, have tried to meet and confer with counsel for Defendant, first in an email the morning of July 12 asking her to withdraw her writ and to agree to a stay while motions were resolved, and then in an explicit meet-and-confer letter giving a  brief description of the basis for this motion, sent at 11:48 July 14.

    Plaintiffs move for this order on the following grounds, that:

- Award of costs to a prevailing defendant under civil rights cases such as the ADA and IDEA are precluded by Ninth Circuit precedent, with narrow exceptions not present here;

- Defendant has not established jurisdiction of this court to make the award and enforce it;

- Plaintiffs were denied the opportunity to be heard in violation of California law, which Rule 69 states must be complied with; and

- The Writ was rendered moot by this Court's subsequent order.

1 Dated: July 14, 2021   LIBERTY LAW GROUP

2          By: /s/ *Michael T. Stoller*

3          MICHAEL. T. STOLLER
           Attorney for Plaintiffs

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

3
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO QUASH OR RECALL WRIT OF
EXECUTION

25

26

27

28